EXHIBIT "1"

TO

DEFENDANTS PEOPLES COMMUNITY BANK, INC.,
LARRY PITCHFORD AND JERRY GULLEDGE'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION TO ABSTAIN

| State of Alabama Unified Judicial System | PROCESS OF GARNISHMENT | Case Number |
|---|---|---|
| Form C-21 (Front)   Rev.10/99 | | CV 04-67? |

IN THE Circuit COURT OF Barbour COUNTY, ALABAMA

| NAME AND ADDRESS OF PLAINTIFF (Persons Asserting Claim) Harris Leveson and Harris Pest & Termite Control, P.O. Box 477, Eufaula, AL 36072 | NAME AND ADDRESS OF DEFENDANT (Person Whose Property is Subject to Garnishment) See Attached. People's Community Bank |
|---|---|
| NAME AND ADDRESS OF ATTORNEY FOR PLAINTIFF TED TAYLOR and LEAH O. TAYLOR Taylor & Taylor, 2130 Highland Avenue Birmingham, AL 35205 | DATE OF JUDGMENT JUDGMENT AMOUNT: $ 3,500,000.00 COSTS: $ |
| NAME AND ADDRESS OF GARNISHEE Progressive Casualty Insurance Company 2000 Interstate Park Drive, Suite 204 Montgomery, AL 36109   Policy No.: 10026768-01 | LESS CREDIT: $ OTHER: $ TOTAL: $ |

**AFFIDAVIT**

A. I make oath that I have obtained the above judgment and believe the named garnishee is or will be indebted to the named defendant or has or will have effects of the defendant under the garnishee's control. I believe that a Process of Garnishment against the garnishee is necessary to obtain satisfaction of the judgment.

B. If the garnishment is for wages, salary or other compensation, I further make oath that the amount to be withheld must be:
☐ 25% of disposable earnings for the week OR the amount by which disposable earnings for the week exceed 30 times the federal minimum hourly wage in effect at the time the earnings are payable, WHICHEVER IS LESS.
☐ 20% of disposable earnings for the week OR the amount by which disposable earnings for the week exceed 50 times the federal minimum hourly wage in effect at the time the earnings are payable, WHICHEVER IS LESS, which amount is in compliance with the instructions on the reverse side of this from.

C. I hereby request disbursement of amounts periodically paid into court pursuant to this garnishment.

Sworn to and subscribed before me this 7th Day of October, 2005

_____   _____
Notary Public/Clerk (Signature)     Affiant/Attorney (Signature) Ted Taylor   OCT -7

**WRIT OF GARNISHMENT**

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:
You are hereby commanded to serve this Process of Garnishment on the GARNISHMENT_____ and a copy on the defendant,_____ and make proper return to this court.
NOTICE TO DEFENDANT: READ THE IMPORTANT INFORMATION ON THE BACK OF THIS FORM (Regarding your Rights).
NOTICE TO GARNISHEE: YOUR ARE THE GARNISHEE IN THE ABOVE ACTION.
You must complete and file the enclosed Answer form within thirty (30) days from service of process. If you fail to file an Answer, the plaintiff can proceed for judgment against you for the amount of the claim, plus costs. Mailing the Notarized Answer Form to the clerk of the court at the address below constitutes making a proper appearance in the court. YOU MUST ANSWER:
(1) Whether you are or wee indebted to the defendant at the time you received this process, or when you make your answer, or during the intervening time, or
(2) Whether you will be indebted to the defendant in the future by existing contract, or
(3) Whether by existing contract you are liable to the defendant for the delivery of personal property or for the payment of money, or
(4) Whether you have in your possession or control, money or effects belonging to the defendant.

You are commanded to retain the amount indicated above wages, salary or other compensation due or which will become due to the defendant for such period of time as is necessary to accumulate the sum $_____ (Judgment and costs). You are required, after a period of 30 days from the first retention of any sum from the defendants wages, salary, or other compensation, to begin paying the moneys withheld into court as they are deducted or withheld and continue to do so on a monthly or more frequent basis until the full amount is withheld. If employment of the defendant is terminated BEFORE the sum is accumulated, you are required by law to report the termination and pay into court within 15 days AFTER termination, all sums withheld in compliance with this garnishment. (See Reverse Side for Instructions on Garnishments). If you have in your possession or control property or money belonging to the defendant, which is NOT wages, salary or other compensation, you are further commanded to hold the property or money subject to orders of this court.

Date Issued: 10/7/05   Clerk: Daniel Nix   By: _____ Deputy Clerk
Address: DAVID S. NIX, CLERK   303 E. Broad Street   Room 201   Eufaula, Alabama 36027

this process was executed by serving a copy on (Garnishee) _____ on (Date) _____   Service on (Defendant) _____ on (Date) _____ copy (ies) of the within on

Served by: Executed by serving The Corporation Company as Statutory Agent for Progressive Casualty Insurance Co. by leaving with Connie Tinsley This the 21 day of Oct 05

D. T. Marshall, Sheriff
Montgomery County, Alabama
By: _____

COURT RECORD (original)   PLAINTIFF (Copy)   DEFENDANT (Copy)   GARNISHEE (Copy)

1200 pm

| Form C-21 (back)   Rev.10/99 | PROCESS OF GARNISHMENT |
|---|---|

*Instructions for Determining the Percentage of Wages, Salary or Other Compensation to be Withheld*

I. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM SITUATIONS OTHER THAN CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF:§6-10-7, *Code of Alabama* 1975, and Title 15,§1673, *United States Code* ("U.S.C.").
Under Alabama and federal law, the amount subject to garnishment to collect such judgments shall not exceed the LESSER of:
(1) twenty-five (25) percent of "disposable earnings" for the week   OR
(2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.

II. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: §5-19-15, *Code of Alabama*, 1975 as amended by Act 88-294, effective April 12, 1988.
  A. Under this law, if the debt or demand was created ON OR AFTER April 12, 1988, the amount subject to garnishment shall not exceed the LESSER of:
(1) twenty-five (25) percent of "disposable earnings" for the week OR
(2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable
  B. If the debt or demand was created BEFORE April 12, 1988, the amount subject to garnishment shall not exceed the LESSOR o:
(1) twenty (20) percent of "disposable earnings" for the week OR
(2) the amount by which "disposable earnings" for the week exceed fifty (50) times the federal minimum hourly wage in effect at the time the earnings are payable.

DISPOSABLE EARNINGS DEFINED: An employee's "disposable earnings" means that part of earnings of an individual remaining after deduction of amounts required by law to be withheld such as Federal Income Tax, Federal Society Security Tax, and State and Local Taxes.

### NOTICE TO GARNISHEE

Note: If you have in your possession or control property or money belonging to the defendant (which is not wages, salary or other compensation), you should hold the property or money subject to the orders of the court. The formula outlined below only applies if the property sought to be garnished is wages, salary or other compensation of the defendant.

(Use he following formula to calculate a garnishment of wages, salary or other compensation)
(1) Calculate "disposable earnings" for the week (see definition of Disposable earnings" above)
(2) If the twenty-five (25 percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty-five (25) percent. Then multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by thirty (30) and subtract this amount from "disposable earnings." Compare these two and obtain lesser amount.
OR
(3) If the twenty (20) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty (20) percent. Multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by fifty (50) and subtract this amount from "disposable earnings." Compare these two and obtain lesser amount.
(4) After the calculation is made in accordance with (2) or (3) above (whichever is applicable), the amount of the garnishment for the week is the LESSER amount. Withhold this amount and pay it into court as instructed in the "Writ of Garnishment" on the front of this form.
(5) THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE YOU SHOULD CONSULT A LAWYER FOR ADVICE.

PROTECTION AGAINST DISCHARGE: Title 15, §1674, U.S.C., prohibits an employer from discharging any employee because his or her earnings have been subjected to garnishment for any one indebtedness.

### NOTICE TO DEFENDANT OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT

A process of garnishment has been delivered to you. This means that a court may order your wages, money in a bank, sums owned to you, or other property belonging to you, to be paid into court to satisfy a judgment against you.

Laws of the State of Alabama and of the United States provides that in some circumstances certain money and property may not be taken to pay certain types of court judgments, because certain money or property may be "exempt" from garnishment. For example, under state law, in some circumstances, up to $3,000 in wages, personal property, including money, bank accounts, appliances, automobiles, appliances, etc. may be exempt from process of garnishment. Similarly, under federal law, certain benefits and certain welfare payments may be exempt from garnishment. Benefits and payments ordinarily exempt from garnishment include, for example, social security payments, SSI payments, veteran's benefits, AFDC (welfare) payments, unemployment compensation payments and workman's compensation payments.

THESE EXAMPLES ARE FOR PURPOSES OF ILLUSTRATION ONLY. WHETHER YOU WILL BE ENTITLED TO CLAIM ANY EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WHAT PROPERTY MAY BE EXEMPT, WILL DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE. IF YOU ARE UNCERTAIN AS TO YOUR POSSIBLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

TO CLAIM ANY EXEMPTION THAT MAY BE AVAILABLE TO YOU, YOU MUST PREPARE A "CLAIM OF EXEMPTION" FORM LISTING ON IT ALL YOUR WAGES AND PERSONAL PROPERTY; HAVE THE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE. ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A COPY OF THE CLAIM EXEMPTION TO THE PLAINTIFF WHO HAS A JUDGMENT AGAINST YOU. YOU MUST INDICATE ON THE CLAIM OF EXEMPTION THAT YOU FILED IN THE CLERK'S OFFICE WHETHER YOU MAILED OR DELIVERED THE COPY TO THE PLAINTIFF AND THE DATE ON WHICH YOU MAILED OR DELIVERED IT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE, YOU SHOULD SEE A LAWYER.

If you file a claim of exemption, the plaintiff will have approximately ten (10) days to file a "contest of your claim of exemption. If a contest is filed, a court hearing will be scheduled and you will be notified of the time and place of the hearing. If the plaintiff does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your property may be turned over to the court and to the plaintiff on the judgment against you.

TO PROJECT YOUR RIGHTS, IT IS IMPORTANT THAT YOU ACT PROMPTLY. IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT A LAWYER

### NOTICE TO PLAINTIFF OF RIGHT TO CONTEST CLAIM OF EXEMPTION OF DEFENDANT

If a "Claim of Exemption" is filed in the clerk's office and mailed or delivered to you by the defendant, you have approximately ten (10) days to file a "Contest" to the Claim of Exemption with the clerk of the court.

If a Contest is timely filed, a court hearing will be scheduled within Seven (7) calendar days (or on the next business day thereafter if the court is not open on the seventh day). You and the defendant will be notified of the time and place of the hearing.

If you fail to make timely Contest of the Claim of Exemption, after fifteen (15) calendar days from the filing of such claim by the defendant, the Process of Garnishment and any writ of garnishment issued therein shall be dismissed or, where appropriate, modified to the extent necessary to give effect to the claimed exemptions.

IF YOU ARE UNCERTAIN AS TO HOW TO FILE A CONTEST TO THE CLAIM OF EXEMPTION, YOU SHOULD CONSULT A LAWYER AND ADVICE THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE.

PEOPLES SOUTH BANKCSHARES,
formerly known as PEOPLES COMMUNITY BANK
c/o Registered Agent
109 E. Church Street
Columbia, AL 36319


JERRY GULLEDGE
117 Collins Court
Eufaula, AL 36027-6050


LARRY PITCHFORD
109 East Church Street
Columbia, Alabama 36319

*Connie Tinsley* [signature]

[inverted stamp, illegible]

**EXHIBIT "2"**

**TO**

**DEFENDANTS PEOPLES COMMUNITY BANK, INC.,
LARRY PITCHFORD AND JERRY GULLEDGE'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION TO ABSTAIN**

**WALTER B. CALTON**
ATTORNEY AT LAW
312 East Broad Street
Post Office Box 696
Eufaula, Alabama 36072

ADDRESS SERVICE REQUESTED

7005 0390 0001 2652 3197

Larry Pitchford
109 East Church Street
Columbia, Alabama 36319

**WALTER B. CALTON**
ATTORNEY AT LAW
312 East Broad Street
Post Office Box 696
Eufaula, Alabama 36072

ADDRESS SERVICE REQUESTED

7005 1820 0007 7290 4121

Peoples Community Bank
c/o Registered Agent
109 E Church Street
Columbia, Alabama 36319




EXHIBIT "3"

TO

DEFENDANTS PEOPLES COMMUNITY BANK, INC.,
LARRY PITCHFORD AND JERRY GULLEDGE'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION TO ABSTAIN

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | |
|---|---|
| HARRIS LEVESON, an individual; ) | |
| HARRIS PEST & TERMITE CONTROL, ) | |
| et al, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NUMBER: CV-04-67 |
| PEOPLES COMMUNITY BANK, a ) | |
| corporation; LARRY PITCHFORD, an ) | |
| individual; JERRY GULLEDGE, an ) | |
| individual, ) | |
| ) | |
|     Defendants. ) | |

### MOTION TO DISMISS

Garnishee **Progressive Casualty Insurance Company** ("Progressive") moves this Court to dismiss Plaintiffs' Process of Garnishment.[1] In support of this motion, Garnishee states as follows:

1.  On October 7, 2005, the Honorable L. Bernard Smithart entered an Order ("Order") awarding to Plaintiffs $2.5 million in compensatory damages and $1 million in punitive damages against Peoples Community Bank ("Peoples") as well as the Bank's officers, Larry Pitchford ("Pitchford") and Jerry Gulledge ("Gulledge"). The judgment was entered on the following bases: (i) negligence and wantonness by Defendants in their handling and servicing of Plaintiffs' loans, notarizing loan documents, hiring branch managers, and training and supervising its employees; (ii) fraud and suppression by Defendants in their handling and servicing of Plaintiffs' loans; (iii) breach of contract; (iv) breach of fiduciary duties; (v) conversion; and (vi) outrage. It is unclear from the Order what amounts of damages were awarded to Plaintiffs for each of these claims.

---

[1] Progressive expressly reserves its right to assert additional defenses.

1/1389795.4

2. On the very same day the Order was filed, Plaintiffs filed a Process of Garnishment against Progressive.

3. On March 21, 2003, Progressive issued a Directors and Officers (D&O) Liability Insurance Policy (Policy) on behalf of Peoples Community Bancshares, Inc., Peoples Community Bank, Columbia, Alabama, Peoples Community Bank, Colquitt, Georgia and PCB, The Community Bank, Florida under policy number 10026768-01. A copy of the Policy is attached as Exhibit "A." The Policy provided coverage from March 26, 2003 until March 26, 2004. Importantly, the Policy is a D&O policy. If the Policy provides coverage at all, then it only provides coverage for Pitchford and Gulledge. The Policy would not cover the Bank unless the Bank paid for any covered liability for Gulledge or Pitchford by way of indemnity.[2]

4. First and foremost, the garnishment is due to be dismissed because the statute under which Plaintiffs are proceeding does not apply to this Policy. The Plaintiffs' Process of Garnishment is filed under Section 27-23-1 (1975). That statute applies only to insurance policies under which a person or entity "is insured against loss or damage on account of the **bodily injury or death** by accident of any person for which loss or damage such insured is responsible ...." ALA. CODE § 27-23-1 (1975).[3] Further, under Alabama Code § 27-23-2, certain judgment creditors may proceed against both the defendant and its insurer when there is a final judgment "for loss or damage on account of **bodily injury, or death or for loss or damage to property**, if the defendant in such action was insured against the loss or damage at the time

---

[2] Progressive's Directors & Officers ("D&O") coverage in this action is specifically designed to provide coverage for the Directors and Officers of a financial institution separate and apart from general liability coverage which covers personal injury, wrongful death, and property damage. This coverage is different from and not duplicative of general liability coverage. See FDIC Risk Management Manual of Examination Policies (attached as Exhibit B) (distinguishing between D&O coverage and general liability coverage).

[3] By way of endorsement, the Policy amends the definition of **Loss** to eliminate from coverage "punitive or exemplary damages or the multiple portion of any multiplied damage award." See Exhibit A, Endorsement to Policy, Form No. 2844.

1/1389795.4

2

when the right of action arose ...." ALA. CODE § 27-23-2 (1975). The plain language of Progressive's Policy eliminates the very type of coverage contemplated by these statutes. The Policy excludes bodily injury and property damages:

> The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** for actual or alleged bodily injury, sickness, disease, or death of any person, damage to or destruction of any tangible property including loss of use thereof, wrongful entry, eviction, false arrest, false imprisonment, malicious prosecution, assault, battery, mental anguish, emotional distress, loss of consortium, invasion of privacy, defamation, false light, libel, or slander; however, this Exclusion shall not apply with respect to any actual or alleged mental anguish, emotional distress, libel, slander, defamation or false light, or violation of a person's right to privacy in connection with any **Claim** by a past, present or prospective employee of the **Company** for any employment-related **Wrongful Act**.

*Id.* at pp. 3-4. This exclusion prohibits the Plaintiffs' right to proceed against Progressive because it is not the type of policy contemplated by the statute. So, the Plaintiffs have no standing to proceed against Progressive under this garnishment.

5. Secondly, even if Plaintiffs' garnishment action was proper, it is still due to be dismissed as its filing was premature under Alabama Code § 27-23-2 (1975). This provision only applies to final judgments. There is no final judgment in this case. Post-trial motions have been filed. This code section entitles certain judgment creditors to collect "insurance money provided for in the contract of insurance . . . if the judgment is not satisfied within 30 days after the date when it is entered." ALA. CODE § 27-23-2 (1975). In <u>Insurance Company of North America v. Davis</u>, 150 So. 2d 192 (Ala. 1963), the Supreme Court of Alabama interpreted this language, stating, "if the judgment is left unsatisfied after the expiration of thirty days, the judgment creditor, should he so desire, may proceed in equity against the defendant and the insurance company to collect the judgment." <u>Id.</u> at 194 (interpreting § 27-23-2 as previously codified under § 12, Title 28, Code of Alabama 1940). So, even if the statute applied to this

Policy, since Plaintiffs prematurely filed their garnishment action on the same date as this Court's Order, Plaintiffs' garnishment action against Progressive is due to be dismissed. ALA. CODE § 27-23-2 (1975).

6. Thirdly, even if Plaintiffs' Process of Garnishment were proper under § 27-23-2, it is due to be dismissed because it does not name Defendants as necessary garnishees. Under Alabama Code § 27-23-2, "the judgment creditor may proceed against the defendant AND the insurer to reach and apply the insurance money to the satisfaction of the judgment." ALA. CODE § 27-23-2 (1975) (emphasis added). This language provides "that the insured is a necessary party" and the garnishment "proceedings must be brought against the defendant in the action at law and the insurance company, as joint respondents." Davis, 150 So. 2d at 194. Since Defendants are not identified as additional garnishees in the Process of Garnishment, Plaintiff's garnishment proceeding is due to be dismissed by this Court.

7. In summary, Plaintiffs' Process of Garnishment is due to be dismissed because: (i) Sections 27-23-1 and -2 do not apply to this Policy; (ii) the Policy either does not cover or expressly excludes the claims as well as the bases for the Court's award in this case; (iii) Plaintiffs failed to wait the requisite 30 days before filing their Process of Garnishment under Alabama Code § 27-23-2; and (iv) Plaintiffs neglected to sue Defendants as additional garnishees in the Process of Garnishment as required by Alabama Code § 27-23-2.

WHEREFORE, premises considered, Defendants respectfully request this Court to dismiss the Plaintiffs' Process of Garnishment and to award such other or further relief as may be appropriate.

Respectfully submitted,

*/s/ Charles A. Stewart III*

Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

Thomas R. Elliott, Jr. (ELL021)
LONDON, YANCEY, & ELLIOTT, L.L.C.
2001 Park Place, Suite 430
Birmingham, Alabama 35203
Telephone: (205) 380-3600
Facsimile: (205) 251-8929

Scott B. Smith (SMI219)
Bradley Arant Rose & White LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200

Hall Eady (EAD006)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Leah O. Taylor
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

James L. Martin
Post Office Box 14
Eufaula, AL 36072-0014

Ronald H. Rentz
207-D West Main Street
Colquitt, GA 39837

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this 4th day of November, 2005.

_____
OF COUNSEL

property leaves the bank until delivered to the addressee.

### Transit Cash Letter Insurance
Covers loss of cash letter items in transit for collection or to a clearing house of which the insured bank is a member. It also includes costs for reproducing cash letter items. Generally, such policies do not cover items sent by registered mail or air express, or losses due to dishonest acts of employees.

### Valuable Papers and Destruction of Records Policy
Covers the cost of reproducing records damaged or destroyed. It also provides the cost of research needed to develop the facts required to replace books of accounts and records.

## Other Desirable Insurance Coverage
The banking industry customarily utilizes forms of insurance for which the blanket bond, along with related policies, endorsements and special coverage previously noted, does not provide coverage or provides insufficient protection. Banks may also need many of the same types of insurance required by any business or individual. The following is a brief description of some of those types of coverage.

### Liability Insurance

#### Directors and Officers Liability
These policies provide for the indemnification of directors and officers against legal and other expenses incurred in defending lawsuits brought against them by reason of the performance of their official duties. They protect, under two insuring clauses, against the expense of defending suits alleging director or officer misconduct and against damages that may be awarded. Clause (A) provides coverage directly to the directors and officers for loss resulting from claims made against them for their wrongful acts. Clause (B) reimburses a corporation for its loss when the corporation indemnifies its directors and officers for claims against them. An additional, optional coverage provides protection for the corporation and its own liability. This coverage is written at a minimum of $1 million (deductible $10,000 to $20,000) with the insurance company paying a portion of any claim over the deductible amount. This insurance does not cover criminal or dishonest acts, situations when the involved person obtained personal gain, or when a conflict of interest was apparent.

#### General Liability
Covers the bank from possible losses arising from a variety of occurrences. Typically, general liability insurance provides coverage against specified hazards, such as personal injury, medical payments, property damage, or other specific risks that may result in or create exposure to a suit for damages against the bank. Where offered, "comprehensive" general liability insurance covers all risks, except specific exclusions.

#### Automobile Liability and Physical Property Damage
Protects against property and liability losses arising from injury or death when a bank owned, rented, or repossessed vehicle is involved. Non ownership liability insurance should be considered if officers or employees use their own vehicles for bank business.

#### Umbrella Liability
Provides excess coverage over and above existing liability policies, as well as basic coverage for most known risks not covered by existing liability insurance.

### Fixed Assets/Property Physical Damage
Adequate insurance should be maintained to cover loss or damage of the bank's fixed assets.

#### Fire or Extended Coverage
This insurance covers all loss as a direct result of a fire, including damage from smoke or water and chemicals used to extinguish the fire. Covering the building's contents for fire damage is additional, but often is written in combination with the policy on the building and permanent fixtures. Extended coverage indemnifies against losses from windstorm, hail, explosion, riot, civil commotion, aircraft, vehicles, and smoke damage. Damage caused by rising water or the malfunction of a steam boiler is usually not included. Most fire insurance policies contain "coinsurance" clauses, meaning insurance coverage must be maintained at a fixed proportion of the replacement value of the building. If a bank fails to maintain the required relationship of protection, all losses will be reimbursed at the lower ratio of the

EXHIBIT "4"

TO

DEFENDANTS PEOPLES COMMUNITY BANK, INC.,
LARRY PITCHFORD AND JERRY GULLEDGE'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION TO ABSTAIN

| State of Alabama<br>Unified Judicial System<br>Form C-24J    Rev. 8/98 | CONDITIONAL JUDGMENT AGAINST<br>GARNISHEE AND NOTICE TO GARNISHEE<br>(§ 6-6-457, Code of Alabama 1975) | Case Number<br>CV-04-67 |
|---|---|---|

IN THE __CIRCUIT__ COURT OF __BARBOUR__, ALABAMA
(Circuit or District)                    (Name of County)

Harris Leveson and Harris Pest & Termite Control      v.   Peoples Community Bank; Larry Pitchford; Jerry Gulledge, et al
                Plaintiff                                                              Defendant

Garnishee: __Progressive Casualty Insurance Co.__

Address: __2008 Interstate Park Drive, Suite 204, Montgomery, AL 36109__

Comes the plaintiff, by his or her attorney, and moves for conditional judgment against the above-named garnishee; and it appearing to the court that on (date) __October 7, 2005__, the plaintiff recovered a judgment against the defendant for the sum of $ __3,500,000.00__, plus court costs, and that a Writ of Garnishment on the judgment was duly issued in this cause by the clerk of this court, and duly served upon the garnishee on (date) __October 21, 2005__ and that the garnishee has failed to file an Answer thereto within the time required by law;

IT IS, THEREFORE, considered, ordered and adjudged by the court that the plaintiff have and recover of the garnishee the sum of $ __3,500,000.00__, plus court costs, unless within thirty (30) days of service of process of this conditional judgment against Garnishee and Notice to Garnishee, the garnishee appears and shows cause why this conditional judgment should not be made final and absolute.

__11-22-05__                                          _____
Date                                                   Judge

**To Any Sheriff or Any other Authorized Person:**

You are hereby commanded to serve this Conditional Judgment against Garnishee and Notice to Garnishee on the above-named garnishee and make proper return to this court.

__11-22-05__                                          _____
Date                                                   Clerk

[FILED NOV 22 2005 DAVID S. NIX, CLERK BARBOUR COUNTY, ALABAMA]

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
                                                                    (Date)

☐ I certify that I personally delivered a copy of the Conditional Judgment against Garnishee and Notice to Garnishee to _____ on _____.
                                                                                                      (Date)

_____                        _____
Date                                          Server's Signature

_____                        _____
Business Address of Server                    Type of Process Server

_____
City      State      Zip Code