IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ALLEN M. OVERTON and
CINDY WALDROP,

    COUNTERCLAIM-PLAINTIFFS,

vs.                                                             CASE NO. CV 02-J-2251-NE

PRINCE FAMILY HOUSING, INC.,
MICHELLE BROWN and PATRICK
BOATRIGHT,

    COUNTERCLAIM-DEFENDANTS,

and

NORTH RIVER INSURANCE CO.,

    GARNISHEE.

## MEMORANDUM OPINION and ORDER

This case is before the court on the defendant's notice of removal of garnishment proceedings (doc. 1), which the court has considered *sua sponte*. This case began in May, 2000, when First Merit Bank, N.A.. sued Prince Family Housing ("Prince"), Michelle Brown ("Brown"), and Patrick Boatright ("Boatright") in the Circuit Court of Marshall County, Alabama.[1] Default judgments were entered against

---

[1] Because of the odd posture of this case, where third-party defendants have essentially become plaintiffs against a non-party to the original action, this court shall refer to each party by its name, rather than its status as a plaintiff or defendant in the litigation.

these three defendants in October, 2001. Brown and Prince then filed for bankruptcy, staying all proceedings against them, and Boatright filed a motion to set aside the entry of default, which was granted. The default judgment against Prince was reinstated on April 25, 2002, and judgment was entered against Prince and Brown, also on April 25, 2002, and in favor of Cindy Waldrop ("Waldrop") and Allen M. Overton ("Overton").[2] The judgments were in favor of Overton and against Brown in the amounts of $250,000.00 compensatory and $250,000.00 punitive damages, and in favor of Waldrop and against Brown in the amounts of $500,000.00 compensatory and $500,000.00 punitive damages.

Garnishments were then filed on each of these judgments against North River Insurance Company, ("North River") on June 6, 2002 and served on June 11, 2002. After thirty days elapsed and no answer was filed, Overton and Waldrop filed a motion for entry of conditional judgment against the garnishee on July 22, 2002. North River then filed an opposition to motion for entry of conditional judgment and an answer. Overton and Waldrop filed a motion to contest the garnishee's untimely filed answers on August 15, 2002. North River then filed a notice of removed to this court on September 12, 2002, asserting diversity jurisdiction.

---

[2] Waldrop and Overton were brought in as third party defendants by Prince and apparently filed counterclaims against the defendants/third party plaintiffs, on which these judgments were entered.

The court finds from reviewing the scant record before it that the garnishee is the insurer of Prince and Brown. Notice of Removal at 4.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). The removing party has the burden of establishing federal jurisdiction, and doubts are resolved in favor of remand. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In *Smith v. GTE Corporation*, 236 F.3d 1292 (11th Cir.2001), the Court held that, because federal courts are powerless to act beyond the statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction when a doubt about jurisdiction arises. *Id.* at 1299; citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation ... to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises"); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir.2000).

The court finds the issue of jurisdiction before this court is resolved by 28 U.S.C. § 1332(c)(1). That section states:

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or*

unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business... (emphasis added).

Thus, this court has examined whether garnishment proceedings under Alabama law constitute a direct action under 28 U.S.C. § 1332(c)(1). The court finds this question recently has been answered in the affirmative by the Hon. Ira DeMent, United States District Judge for the Middle District of Alabama, in *Wheelwright Trucking Co. v. Doresy Trailers*, Inc., 158 F.Supp.2d 1298 (M.D.Ala.2001). Judge DeMent stated that the "diversity statute is strictly construed, and under the modern trend, a 'direct action' can include post-judgment garnishments brought by a judgment creditor against the judgment debtor's commercial insurance." *Wheelwright Trucking*, 158 F.Supp.2d at 1301.

This court recognizes that a garnishment, in and of itself, is a removable action. *See Webb v. Zurich*, 200 F.3d 759, 760 (11th Cir.2000). However, even given the apparent removability, this court lacks jurisdiction if the parties are not diverse. 28 U.S.C. § 1332(c)(1) attributes the original defendants' citizenship to their insurer.

All parties to this action except North River are Alabama citizens. Notice of Removal at 6. Under 28 U.S.C. § 1332(c)(1), the citizenship of the insureds under the policy, Prince and Brown (Alabama), is attributed to North River if this is a direct

action. This court finds that, although not specifically alleged by Overton and Waldrop, this action is a post-judgment garnishment against an insurer under § 6-6-370 et seq, 27-23-1 and 27-23-2, which allow a judgment creditor to proceed directly against an insurer.[3] This court finds that such proceeding is squarely within the exception of 28 U.S.C. § 1332(c)(1) pertaining to direct actions against an insurer when the insurer was not joined as a party-defendant to the underlying action.

The purpose of 28 U.S.C. § 1332(c)(1) was explained in *Reko v. Creative Promotions, Inc.,* 70 F.Supp.2d 998 (D.Minn.1999). That Court stated:

> The *Sherman* Court examined the Congressional policy behind § 1332(c)(1), and found the express policy of preventing suit against an insurer in a federal court when both the injured party and the insured were citizens of the same state. *Sherman v. Pennsylvania Lumbermen's Mutual Ins. Co.*, 21 F.Supp.2d 543, 545 (D.Md.1998). The court held that although the Maryland statute required the plaintiffs to obtain judgment against the insured before filing an action against the insurance company, the case against the insurance company constitutes a "direct action." *Id.*
>
> ....
>
> Considering the purpose of 28 U.S.C. § 1332(c)(1), to prevent suit against an insurer in a federal court when both the injured party and the insured are citizens fo the same state, even where several steps have to be taken before an injured third party can directly sue the tortfeasor's insurer, the result is the same. When the injured party and the insured are citizens of the same state, Congress has expressed an intent that the insurer should not create diversity jurisdiction to bring the case in federal court.

---

[3]The court notes that North River's assertion that it has no contractual liability to the defendants Prince and Brown is not relevant to the question of how the parties to this action came to their respective positions before this court.

*Reko*, 70 F.Supp.2d at 1003-1004.

Although the Alabama statute for bringing a direct action against an insurer after judgment differs procedurally from those of Minnesota and Maryland, the court can find no reason to treat the Alabama statutes differently. *See also Boston v. Titan Indemnity Company*, 34 F.Supp.2d 419, 423 (N.D.Miss.1999) (same result applying Mississippi statute). Because North River was not named in the original state court action, North River is "deemed a citizen of the State of which the insured is a citizen..." 28 U.S.C. § 1332(c)(1). That state is Alabama. As such this court finds diversity lacking and therefore does not have jurisdiction over this case.

The court having considered the foregoing and finding it lacks jurisdiction under 28 U.S.C. § 1332;

It is **ORDERED** by the court that the plaintiff's complaint be and hereby is **REMANDED** to the Circuit Court of Marshall County, Alabama.

**DONE** and **ORDERED** this the __24__ day of September, 2002.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE