# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-1 (front)   Rev. 1/97 | NOTICE TO APPEAL TO THE (Check appropriate block)<br>☒ SUPREME COURT OF ALABAMA<br>☐ COURT OF CIVIL APPEALS OF ALABAMA | Civil Action Number:<br><br>CV-04-67 |
|---|---|---|

IN THE CIRCUIT COURT OF _____ BARBOUR _____ COUNTY, ALABAMA

APPELLANT
PROGRESSIVE CASUALTY INSURANCE CO., INC.
v. APPELLEE
HARRIS LEVESON AND HARRIS PEST & TERMITE CONTROL
TRIAL JUDGE
The Honorable L. Bernard Smithart

DATE OF JUDGMENT: December 28, 2005

DATE OF POST-JUDGMENT ORDER:

*FILED JAN 24 2006 — DAVID S. NIX, CLERK BARBOUR CO., ALABAMA*

NOTICE IS HEREBY GIVEN THAT Progressive Casualty Insurance Co., Inc. _____ appeal(s) to the above-named court from the ☒ Final Judgment ☐ Order  Against Garnishee _____ entered in this cause.
(describing it)

CHECK THE PROPER DESCRIPTION OF THE APPEALED CASE UNDER THE APPROPRIATE COURT:

**SUPREME COURT**
1. ☐ Summary Judgment, amount claimed more than $50,000
2. ☒ Judgment Amount exceeds $50,000
3. ☐ Amount Sought in trial court more than $50,000, judgment for defendant
4. ☐ Equitable Relief, except for domestic relations
5. ☒ Other: $3,500,000 Garnishment Judgment

**COURT OF CIVIL APPEALS**
1. ☐ Summary Judgment, amount claimed $50,000 or less
2. ☐ Judgment Amount $50,000 or less
3. ☐ Amount Sought $50,000, or less, judgment for defendant
4. ☐ Workmen's Compensation
5. ☐ Domestic Relations
6. ☐ Other: _____

APPELLANT FILES WITH THIS NOTICE OF APPEAL:
1. ☒ Security for costs of appeal
2. ☒ A supersedeas bond in the amount of $ 4,375,000
3. ☐ Deposited cash security in the amount of $ _____
4. ☐ is exempted by law from giving security for costs of appeal by virtue of _____

Filed 1/24/2006
(Date)

Address 2001 Park Place Tower, Ste. 430
Birmingham, AL 35203   205-380-3600
Telephone Number

CERTIFIED AS A TRUE COPY

_____
Circuit Clerk

_Thomas R. Elliott Jr._
Appellant or Attorney for Appellant

**SECURITY FOR COSTS**

We hereby acknowledge ourselves security for costs of appeal. For the payment of all costs secured by this undertaking, we hereby waive our right of exemption as to personal property under the Constitution and laws of the State of Alabama

Executed with our seals this _____ day of January _____, 2006 _____.

Filed and approved: _____
(Date)

_____ (L.S.)
Appellant-principal

_____ (L.S.)
Surety

_____ (L.S.)
Surety

Circuit Clerk
(Amended November 9, 1976; October 1, 1991.)

**SUPERSEDEAS BOND**

*Supersedeas Bond Posted Contemporaneously*

We, the undersigned principal and sureties, hereby acknowledge ourselves bound unto _____ in the sum of _____ Dollars, for the payment of which we bind ourselves, and each other, our heirs, executors, [for amount of bond see Rule 8(a)] and administrators, jointly and severally, and as part of this undertaking we hereby waive our rights of exemption as to personal property under the Constitution and laws of the State of Alabama.

Form ARAP-1 (back)    Rev. 1/97    NOTICE OF APPEAL TO THE  ☒ Supreme Court of Alabama   ☐ Court of Civil Appeals of Alabama

WHEREAS, the above-named appellee(s) recovered a judgment against appellant(s) for the sum of _____ Dollars (and the further acts or duty _____) and [describing judgment in addition to or other than for money only] _____ Dollars, the costs in that behalf expended.

NOW, therefore, the condition of the foregoing obligation is such that, if the appellant shall prosecute this appeal to effect, and satisfy such judgment, penalties, and costs, including costs of appeal as may be rendered in this case, then the said obligation to be null and void, otherwise to remain in full force and effect.

Executed with our seals this _____ day of _____, 2006 _____

Filed and approved: _____        _____ (L.S.)
                    (Date)                         Appellant-Principal
                                                   _____ (L.S.)
                                                   Surety
_____                             _____ (L.S.)
Circuit Clerk                                      Surety

EXECUTION OF JUDGMENT STAYED:

Bond fixed at: $ _____
(Not required for money judgment only.)            Circuit Judge

## DESIGNATION OF RECORD ON APPEAL

DESIGNATIN OF CLERK'S RECORD: Appellant requests the clerk to include the following checked materials in the clerk's record:

1. ☐ Complaint
2. ☐ Answer
3. ☐ Counterclaim
4. ☐ Cross-Claim
5. ☐ Third-party Complaint
6. ☐ Third-party Answer
7. ☐ Motion to dismiss
8. ☐ Pretrial order

9. ☒ Entire record (less those items set forth in Rule 10(a))
10. ☐ Motion for summary judgment
11. ☐ Opposition to motion for summary judgment
12. ☐ Final (Judgment) (Order)
13. ☐ Motion for New Trial
14. ☐ Ruling on Motion
15. ☐ Others: _____
16. ☐ Exhibit Number: _____

## TRANSCRIPT STATUS

☐ Transcript will not be ordered. [See Rule 10(b), ARAP.]
☒ Transcript will be ordered. [See Rules 10(b)(2) and 11(a)(2), ARAP. Form 1A or 1B.] Court reporter(s):
Ms. Kelly W. Mills, Courthouse, 303 East Broad Street, Eufala, Alabama 36027

NOTE: If more than one court reporter was involved in this case, you must file a Transcript Purchase Order Form in compliance with Rules 10(b) and 11(c), Form 1A or 1B of the ARAP, for each court reporter.
(Amended October 1, 1991.)

## CERTIFICATE OF FILING

I certify that I have this date filed with the clerk of the trial court the original and ___7___ copies of the foregoing notice of appeal (along with $100 docket fee), and such other instruments as have been completed and included herein. A true copy of each of these items will be served by the clerk of the trial court on each of the following:

1) Clerk of the appellate court, (the $100 docket fee shall be transmitted with this filing).
2) Court Reporter.
3) Counsel for appellee, or appellee if no counsel.
   Name: _____See Attached_____
   Address: _____

DATED this __24th__ day of January _____, 2006

                                                   _____Thomas R. Elliott_____
                                                   Attorney for Appellant

(Amended October 1, 1991.)

Progressive Casualty Insurance Co., Inc. v. Harris Leveson and
Harris Pest & Termite Control

CV-04-67

Attachment to Notice of Appeal

Counsel for Plaintiffs
Leah O. Taylor
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

Counsel for Defendants
James L. Martin
Post Office Box 14
Eufaula, AL 36072-0014

Counsel for Defendants
Ronald H. Rentz
207-D West Main Street
Colquitt, GA 39837

Counsel for Defendants
Jason A. Walters
Gerald P. Gillespy
F.A. Flowers, III
Ricky J. McKinney
Burr & Forman LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

Counsel for Royal Sun Alliance
John C.S. Pierce
Butler, Pappas, Weihmuller Katz Craig LLP
P.O. Box 161389
Mobile, AL 36616

LONDON YANCEY & ELLIOTT LLC
2001 Park Pl Ste 430
Birmingham, AL 35203-2735

1447
61-1/620

Date Jan 24 2006

Pay to the Order of  Clerk of Alabama Supreme Ct    $ 100.00

One Hundred Dollars    no/100    Dollars

AmSouth BANK
THE RELATIONSHIP PEOPLE

For 1113-05630

⑈001447⑈ ⑇062000019⑇ 0054570778⑈

FILED
JAN 2 4 2006
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

| State of Alabama<br>Unified Judicial System<br>Form ARAP-24 (front)   Rev. 1/97 | DOCKETING STATEMENT<br>Appeal to the Supreme Court of Alabama<br>NOTE: Completed Civil Case Cover Sheet must be attached. | Supreme Court Case Number<br>(To be filled in by Supreme Court) |
|---|---|---|
| COUNTY<br>BARBOUR | CIVIL ACTION NUMBER<br>CV-04-67 | TRIAL JUDGE<br>The Hon. J. Bernard Smithart |

I. PARTY/PARTIES FILING APPEAL (Appellant): Progressive Casualty Insurance Co., Inc.

APPELLANT'S ATTORNEY: See Attached

*Address    City    State    Zip Code*

FILED
JAN 24 2006
DAVID S. NIX, CLERK
BARBOUR CO., ALABAMA

II. PARTY/PARTIES APPEALED AGAINST (Appellee): Harris Leveson And Harris Pest & Termite Control

APPELLEE'S ATTORNEY: See Attached

*Address    City    State    Zip Code*

III. APPELLANT IS THE TRIAL COURT: ☐ Plaintiff  ☐ Defendant  ☒ Other      IV. IS THIS A CROSS-APPEAL? ☐ Yes  ☒ No

V. RELIEF AWARDED/REQUESTED: Please check the appropriate block(s):
   A.  X   Monetary damages were either sought or awarded, as set out below:
      1. Compensatory damages were:
         (a) ☐ awarded in the amount of $_____;
         (b) ☐ not awarded, but sought in the amount of $_____;
         (c) ☐ sought, but not awarded – the amount sought was not specified in the complaint.
      2. Punitive damages were:
         (a) ☐ awarded in the amount of $_____;
         (b) ☐ not awarded, but sought in the amount of $_____;
         (c) ☐ sought, but not awarded – the amount sought was not specified in the complaint.
      3. A general award of damages (not differentiating between compensatory and punitive) was:
         (a) ☐ made in the amount of $_____;
         (b) ☐ not made, but sought in the amount of $_____;
         (c) ☐ sought, but not made – the amount sought was not specified in the complaint.
      4. Other monetary damages (Type:Garnishment Judgment) were:
         (a) ☒ awarded in the amount of $3,500,000.00;
         (b) ☐ not awarded, but sought in the amount of $_____;
         (c) ☐ sought, but not awarded – the amount sought was not specified in the complaint.
      5. Was there a remittitur or additur at issue in the trial court?  ☒ Yes  ☐ No
         (If yes, please provide the details in the "FACTS" section on the back of this form.)
   B. _____ Equitable and/or declaratory relief was sought in the trial court.
   C. _____ Other
      (Please provide the details of the issue(s) before the Court in the "ISSUES" section on the back of this form.)

VI. TYPE OF JUDGMENT OR ORDER APPEALED. (Please check one):
   A ☐ Judgment based on a Jury Verdict        D ☐ Order granting a New Trial           G ☐ Dismissal
   B ☒ Judgment based on a Non-Jury Decision   E ☐ Judgment as a Matter of Law          H ☐ Default Judgment
   C ☐ Judgment Notwithstanding the Verdict (JNOV)  F ☐ Summary Judgment                I ☐ Other

VII. IF THE CASE WENT TO TRIAL, HOW MANY DAYS DID THE TRIAL TAKE?    n/a

VIII. FINALITY OF JUDGMENT: Date of entry of judgment appealed from:  12  28  2005
                                                                    Month Day Year

   1. Is the order or judgment appealed from in compliance with Rule 58, A.R.Civ.P.?  ☒ Yes  ☐ No
   2. Does the order appealed from constitute a disposition of all claims as to all parties?  ☒ Yes  ☐ No
   3. If not, did the trial court enter an order intended to make the order appealed final pursuant to Rule 54(b)?  ☐ Yes  ☐ No
   4. If the trial court intended to make the order appealed from final pursuant to Rule 54(b), did the court in the Rule 54(b) order expressly determine that there was no just reason for delay and expressly direct that judgment be entered?  ☐ Yes  ☐ No
   5. If the answer to question 2 is "NO," and the trial court did not make the order final by full with Rule 54(b), please explain the basis for seeking appellate review and cite the authority for the appeal:

   _____

POST-JUDGMENT MOTIONS: List all post-judgment motions by date of filing, type and date of disposition (whether by trial court order or by the provisions of Rule 59.1, A.R.Civ.P.):

| DATE OF FILING<br>Month  Day  Year | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION<br>Month  Day  Year |
|---|---|---|
| | | |

| Form ARAP-24 (back) | 1/97 | **DOCKETING STATEMENT** Appeal to the Supreme Court of Alabama |
|---|---|---|

**X. CONSTITUTIONAL ISSUES:**
1. Are the provisions of Rule 44, A.R. App. P., applicable to this appeal? ☐ Yes ☐ No
2. If so, have the provisions been complied with? ☐ Yes ☐ No

**XI. NATURE OF CASE ON APPEAL:** In the left column of boxes preceding the categories listed below, check the box (check only one) that best describes or categorizes the basis or theory of the primary issue on appeal. In the right column of boxes, check any secondary theories that are applicable to the suit.

TORTS:
- 01 ☐☐ Bad Faith
- 02 ☐☐ Fraud
- 03 ☐☐ Legal Malpractice
- 04 ☐☐ Medical Malpractice
- 05 ☐☐ Other Malpractice
- 06 ☐☐ Products/AEMLD
- 07 ☐☐ Negligence (Vehicular)
- 08 ☐☐ Negligence (General/Other)
- 09 ☐☐ Personal Property
- 10 ☐☐ Real Property
- 11 ☐☐ Wrongful Death (All Types)
- 12 ☐☐ Wantonness
- 13 ☐☐ Conversion
- 14 ☐☐ Wrongful Employ. Termination
- 15 ☐☐ Premises Liability
- 16 ☐☐ Outrage
- 29 ☐☐ Other: _____

CONTRACTS:
- 30 ☐☐ Commercial
- 31 ☐☐ Personal
- 32 ☐☐ Pension
- 33 ☐☒ Insurance
- 34 ☐☐ Employment
- 39 ☒☐ Other: Garnishment

OTHER:
- 40 ☐☐ Real Property
- 41 ☐☐ Civil Rights (Prisoner)
- 42 ☐☐ Civil Rights (Other)
- 43 ☐☐ Wills/Trusts/Estates
- 44 ☐☐ Declaratory Judgment
- 45 ☐☐ Injunction (Commercial)
- 46 ☐☐ Injunction (Employment)
- 47 ☐☐ Injunction (Other)
- 48 ☐☐ Extraordinary Writ
- 49 ☐☐ Pub. Service Comm.
- 50 ☐☐ RR/Seaman (FELA)
- 51 ☐☐ RICO
- 99 ☐☐ Other: _____

**XII. APPELLATE REVIEW:** Please take notice that your case may be initially reviewed by the Court of Civil Appeals. Pursuant to § 12-2-7, *Code of Alabama 1975*, the Supreme Court has the authority to transfer any civil case within its jurisdiction to the Court of Civil Appeals, except cases presenting a substantial question of federal or state constitutional law; cases involving a novel legal question, the resolution of which will have significant statewide impact; utility rate cases appealed pursuant to § 37-1-140, *Code of Alabama 1975*; bond validation cases appealed pursuant to § 6-6-754, *Code of Alabama 1975*; or Alabama State Bar disciplinary proceedings.

If you believe this case should not be transferred to the Court of Civil Appeals, please state with specificity the reason(s) why it should **not** be transferred, referring to pertinent sections of § 12-2-7. Reasons should be supported in the ISSUES and FACTS sections of this docketing statement.

This case should not be deflected to the Alabama Court of Civil Appeals because it raises a number of novel statutory issues of garnishment and insurance law that will have statewide impact. In addition, this appeal concerns the automatic 30-day stay of execution on a civil judgment under Alabama Rule of Civil Procedure 62. Rather than wait to execute on the underlying judgment, Plaintiffs initiated garnishment proceedings against the judgment debtor's insurers the day the judgment was entered. Such proceedings were premature under Rule 62, the Alabama Garnishment Code, and the Alabama Insurance Code. In entering a final garnishment judgment against the garnishee insurance company, the trial court disregarded the garnishee's motion to dismiss, which challenged the timing of the garnishment proceedings, as well as the garnishee's motion to set aside the conditional garnishment judgment and answer under Ala. Code § 6-6-451, which raised its procedural and substantive defenses to the garnishment. If the trial court's garnishment judgment in this case is affirmed under these circumstances, it will destabilize the orderly execution of civil judgments in all cases where the losses at issue may be covered by insurance.

**XIII. ISSUES:** Briefly summarize the issue(s) on appeal.

1. Whether the trial court erred in entering a final garnishment judgment against Progressive when the garnishment proceedings were commenced before the underlying judgment was final?

2. Whether the garnishment was proper under Ala. Code §§ 27-23-1 through 27-23-2?

3. Whether the garnishment was proper under Ala. Code §§ 6-6-370 through 6-6-464?

4. Whether the garnishment judgment against Progressive is excessive?

**XIV FACTS:** Without argument, briefly summarize the facts to inform the court of the nature of the case.

On October 7, 2005, the trial court (L. Bernard Smithart) entered an order awarding Plaintiffs Harris Leveson and Harris Pest & Termite Control $2.5 million in compensatory damages and $1 million in punitive damages against Peoples Community Bank and two of the Bank's officers. That same day, Plaintiffs instituted garnishment proceedings against Progressive Casualty Insurance Company. Progressive holds a Directors and Officers liability insurance policy issued to the Bank. Less than 30 days later, Progressive filed a responsive pleading in garnishment challenging the propriety of the proceedings under Ala. Code §§ 27-23-1 through 27-23-2. Nonetheless, on November 22, 2005, the trial court entered a conditional judgment of garnishment against Progressive based on Progressive's failure "to file an Answer . . . within the time required by law." Less than 30 days later, Progressive filed a motion to set aside the conditional judgment and quash the garnishment proceedings. In that motion, Progressive not only raised its procedural challenges to the garnishment proceedings under Ala. Code §§ 27-23-1 through 27-23-2 and §§ 6-6-370 through 6-6-464, but it also raised substantive challenges to the garnishment under the provisions of its insurance policy by filing an answer that complied with Ala. Code § 6-6-451 and challenged the excessiveness of the conditional judgment to the extent it exceeds the $2 million policy limit. Notwithstanding Progressive's procedural and substantive defenses to the garnishment, the trial court entered a final judgment of garnishment against Progressive in the amount of $3.5 million on December 28, 2005.

Date

Signature of Attorney/Party Filing this Form

Progressive Casualty Insurance Co., Inc. v. Harris Leveson and
Harris Pest & Termite Control

CV-04-67

Attachment to Docketing Statement

I.  Charles A. Stewart III
    Bradley Arant Rose & White LLP
    The Alabama Center for Commerce
    401 Adams Avenue, Suite 780
    Montgomery, AL 36104
    Telephone: (334) 956-7700
    Facsimile: (334) 956-7701

    Thomas R. Elliott, Jr.
    LONDON, YANCEY, & ELLIOTT, L.L.C.
    2001 Park Place, Suite 430
    Birmingham, Alabama 35203
    Telephone: (205) 380-3600
    Facsimile: (205) 251-8929

    Scott B. Smith
    Bradley Arant Rose & White LLP
    200 Clinton Avenue West, Suite 900
    Huntsville, AL 35801-4900
    Telephone: (256) 517-5100
    Facsimile: (256) 517-5200

    Hallman B. Eady
    Bradley Arant Rose & White LLP
    One Federal Place
    1819 Fifth Avenue North
    Birmingham, AL 35203-2104
    Telephone: (205) 521-8000
    Facsimile: (205) 521-8800

II. Counsel for Plaintiffs
    Leah O. Taylor
    Taylor & Taylor
    2130 Highland Avenue
    Birmingham, AL 35205

<u>Counsel for Defendants</u>
James L. Martin
Post Office Box 14
Eufaula, AL 36072-0014

<u>Counsel for Defendants</u>
Ronald H. Rentz
207-D West Main Street
Colquitt, GA 39837

<u>Counsel for Defendants</u>
Jason A. Walters
Gerald P. Gillespy
F.A. Flowers, III
Ricky J. McKinney
Burr & Forman LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

<u>Counsel for Royal Sun Alliance</u>
John C.S. Pierce
Butler, Pappas, Weihmuller Katz Craig LLP
P.O. Box 161389
Mobile, AL 36616

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFALA DIVISION

| | |
|---|---|
| HARRIS LEVESON, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: 04-67 |
| | ) |
| PEOPLES COMMUNITY BANK, et al. | ) |
| | ) |
| Defendants. | ) |

FILED
JAN 24 2006
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

## POSTING OF SUPERSEDEAS BOND

Pursuant to Alabama Rule of Civil Procedure 62(d) and Alabama Rule of Appellate Procedure 8(a), Garnishee Progressive Casualty Insurance Company, Inc. posts the attached supersedeas bond in the amount of $4,375,000 for approval by the Clerk of this Court.

Respectfully submitted,

_____
Thomas R. Elliott, Jr. (ELL021)

OF COUNSEL:

LONDON, YANCEY, & ELLIOTT, L.L.C.
2001 Park Place, Suite 430
Birmingham, Alabama 35203
Telephone: (205) 380-3600
Facsimile: (205) 251-8929

Hallman B. Eady (EAD006)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

Scott Burnett Smith (SMI219)
Bradley Arant Rose & White LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Leah O. Taylor
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

James L. Martin
Post Office Box 14
Eufaula, AL 36072-0014

Ronald H. Rentz
207-D West Main Street
Colquitt, GA 39837

John C. Pierce
Michael A. Montgomery
Butler, Pappas, Weihmuller, Katz, Craig, LLP
Post Office Box 161389
Mobile, AL 36616-2389

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this ~~13th~~ 24th day of January, 2006.

_____
OF COUNSEL

3

3/187555.1



# Western Surety Company

IN THE __CIRCOURT__ COURT OF __BARBOUR__ COUNTY, ALABAMA

Plaintiff(s),
Harrison Leveson and Harris Pest & Termite Control

v.

People's Community Bank, Larry Pitchford; Jerry Gulledge, ET AL.

Defendant(s).

CIVIL ACTION NO. __CV-04-67__

**SUPERSEDEAS BOND**
(Ala. Rule of App. Proc. 8(a))

Effective Date: __January 6, 2006__

Bond No. __70029938__

KNOW ALL PERSONS BY THESE PRESENTS:

That we, __Progressive Casualty Insurance Co.__, as Principal(s), and WESTERN SURETY COMPANY, a corporation duly authorized to do surety business in the State of Alabama, as Surety, are held and firmly bound unto __Harris Leveson and Harris Pest & Termite Control__, as Obligee(s), in the penal sum of not to exceed __Four Million Three Hundred Seventy-Five Thousand & 00/100__ DOLLARS ($__4,375,000.00__), for the payment of which well and truly to be made, we bind ourselves and our legal representatives, firmly by these presents.

THE CONDITION of the above obligation is such that WHEREAS the Obligee(s) has obtained a judgment against the Principal(s) in this action, and WHEREAS the Principal(s) intend to appeal from the judgment and is required by Rule 8(a) of the Alabama Rules of Appellate Procedure to give bond in order to be entitled to a stay of execution of the judgment pending such appeal.

NOW THEREFORE, if the Principal(s) will, if the appeal is unsuccessful, satisfy such judgment as the appellate court may render in this case, then this obligation to be void; otherwise to remain in full force and effect. In no event shall the total liability of the Surety for all breaches of the condition of this bond exceed the amount stated above.

Dated this __12th__ day of __January__, __2006__.

PROGRESSIVE CASUALTY INSURANCE CO._____, Principal

By _____/s/_____
James Kusmer, Asst. Treasurer

_____, Principal

By _____

Countersigned

By __SEE ALABAMA 1975, SECTION 27-24-2__
Alabama Resident Agent

WESTERN SURETY COMPANY, Surety

By _____/s/ Paul T. Bruflat_____
Senior Vice President

THIS SUPERSEDEAS BOND AND SURETY ARE APPROVED this _____ day of _____

Clerk of Court, _____ County, Alabama

Form F5837-4-2002    Page 1 of 2

# Western Surety Company

## POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS:**

That WESTERN SURETY COMPANY, a corporation organized and existing under the laws of the State of South Dakota, and authorized and licensed to do business in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, and the United States of America, does hereby make, constitute and appoint

_____ Paul T. Bruflat _____ of _____ Sioux Falls _____

State of _____ South Dakota _____, its regularly elected _____ Senior Vice President _____

as Attorney-in-Fact, with full power and authority hereby conferred upon him to sign, execute, acknowledge and deliver for and on its behalf as Surety and as its act and deed, all of the following classes of documents to-wit:

Indemnity, Surety and Undertakings that may be desired by contract, or may be given in any action or proceeding in any court of law or equity, policies indemnifying employers against loss or damage caused by the misconduct of their employees; official, bail, and surety and fidelity bonds; indemnity in all cases where indemnity may be lawfully given; and with full power and authority to execute consents and waivers to modify or change or extend any bond or document executed for this Company, and to compromise and settle any and all claims or demands made or existing against said Company.

Western Surety Company further certifies that the following is a true and exact copy of Section 7 of the by-laws of Western Surety Company duly adopted and now in force, to-wit:

Section 7. All bonds, policies, undertakings, Powers of Attorney, or other obligations of the corporation shall be executed in the corporate name of the Company by the President, Secretary, any Assistant Secretary, Treasurer, or any Vice President, or by such other officers as the Board of Directors may authorize. The President, any Vice President, Secretary, any Assistant Secretary, or the Treasurer may appoint Attorneys-in-Fact or agents who shall have authority to issue bonds, policies, or undertakings in the name of the Company. The corporate seal is not necessary for the validity of any bonds, policies, undertakings, Powers of Attorney or other obligations of the corporation. The signature of any such officer and the corporate seal may be printed by facsimile.

In Witness Whereof, the said WESTERN SURETY COMPANY has caused these presents to be executed by its _____ Senior Vice President _____ with the corporate seal affixed this 12th day of January, 2006.

ATTEST                                          WESTERN SURETY COMPANY

*L. Nelson*                                     By *Paul T. Bruflat*
Assistant Secretary                             Paul T. Bruflat, Senior Vice President

STATE OF SOUTH DAKOTA  }
                       } ss
COUNTY OF MINNEHAHA    }

On this 12th day of January, 2006, before me, a Notary Public, personally appeared _____ Paul T. Bruflat _____ and _____ L. Nelson _____ who, being by me duly sworn, acknowledged that they signed the above Power of Attorney as Senior Vice President and Assistant Secretary, respectively, of the said WESTERN SURETY COMPANY, and acknowledged said instrument to be the voluntary act and deed of said Corporation.

**D. KRELL**
**NOTARY PUBLIC**
**SOUTH DAKOTA**

My Commission Expires November 30, 2006

*D. Krell*
Notary Public

Form F1975-4-2002