# EXHIBIT F

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | |
|---|---|
| HARRIS LEVESON, an individual; HARRIS PEST & TERMITE CONTROL, INC., a corporation, ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION NO. |
| v. ) | CV-04-67 |
| PEOPLES COMMUNITY BANK; et al., ) ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE AND MOTIONS IN OPPOSITION TO PLAINTIFFS' "MOTION TO ENFORCE AGREEMENT"

COME NOW defendants Peoples Community Bank (n/k/a PeoplesSouth Bank) ("the Bank") and Larry Pitchford ("Pitchford") (collectively "Defendants"), and file their Response and Motions in Opposition to Plaintiffs' "Motion to Enforce Agreement." As grounds therefor, Defendants state the following:

1. On October 7, 2005, the Court entered a judgment after a bench trial in favor of Plaintiffs and against Defendants ("the Judgment"). On November 4, 2005, Defendants filed a motion for judgment as a matter of law, or, in the alternative, a motion for a new trial. The Court denied Defendants' motions on December 13, 2005, and the appeal time began to run.

2. According to Plaintiffs, their counsel was advised last week that the Bank intended to appeal the Judgment, whereupon, on January 19, 2006, Plaintiffs filed a "Motion to Enforce Agreement." In their motion, Plaintiffs request the Court to conduct an evidentiary hearing and enter an order enforcing an alleged oral agreement made between the parties on August 22, 2005, prior to the bench trial. According to Plaintiffs, they agreed on August 22, 2005 to waive a jury trial and instead have this matter adjudicated before this Court in a bench

1430062 v3

trial, but only in return for an agreement by all parties to waive any right to appeal any resulting judgment. (Mot. to Enforce Agreement, ¶¶ 3, 7). Plaintiffs allege that the parties made such an agreement and that the Court was "advised of Defendants' motion and the agreement between the parties. Based on the agreement of the Parties, the Court released the jury venire." (Id., ¶ 4). Plaintiffs further allege that after post-judgment motions were filed, "Counsel for Defendants further assured counsel for Plaintiffs that they did not intend to appeal the judgment as agreed by the parties." (Id., ¶ 6). No writing evidencing such an alleged agreement is attached to the motion and does not otherwise exist. The alleged agreement claimed by Plaintiffs has been concocted by Plaintiffs in an attempt to preserve the Judgment rendered by the Court.

3. On January 20, 2006, with time running out to perfect an appeal, the Bank and Pitchford filed their Notice of Appeal of the Judgment to the Alabama Supreme Court.[1] A copy of that Notice of Appeal is attached hereto as Exhibit A.

4. On the afternoon of that same day (Friday, January 20, 2006), the Court entered an Order setting an evidentiary hearing on Plaintiffs' motion for Monday, January 23, 2006, at 11:00 a.m.

5. Defendants agree that the parties mutually agreed on August 22, 2005 to waive a jury trial. However, no agreement was made to waive any right to appeal any resulting judgment from the bench trial.[2]

---

[1] Defendant Jerry Gulledge has not, at least at this point, elected to appeal the Judgment.

[2] Defendants note that it is inconceivable that they would waive their right to appeal a judgment in advance of any trial. In contrast, it is reasonable and practical that the parties agreed to waive a jury trial for a variety of reasons, including the cost and unpredictable outcome of a jury trial. Defendants never agreed to waive their right to appeal any future judgment in return for a non-jury trial, and no enforceable agreement exists.

## ARGUMENT

### This Court Lacks Jurisdiction To Entertain Plaintiffs' Motion

6. Plaintiffs' motion is due to be summarily denied, and no evidentiary hearing should be held, because this Court lacks jurisdiction to conduct a hearing (or rule upon) Plaintiffs' motion. On January 20, 2006, jurisdiction over this case was transferred to the Alabama Supreme Court when Defendants filed their Notice of Appeal and this Court was divested of jurisdiction. It is axiomatic that "jurisdiction of a case can be in only one court at a time." *Ex parte State ex rel. O.E.G.*, 770 So. 2d 1087, 1089 (Ala. 2000); *Pate v. Pate*, 840 So. 2d 972, 975 (Ala. Civ. App. 2002).

### In Any Event, The Alleged Agreement Would Be Unenforceable As A Matter of Law

7. If the Court nonetheless decides to entertain Plaintiffs' motion, the Court should simply deny the motion outright and decline to conduct an evidentiary hearing because assuming, *arguendo*, that such an alleged verbal agreement was made between counsel for the parties (which Defendants dispute), it would be unenforceable as a matter of law because there is no writing or entry made on the minutes of the Court evidencing any agreement to waive, in advance, an appeal of any judgment. *See Ala. Code* § 34-3-21 (2002 Repl. Vol.) ("An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court.").

8. Here, even taking the allegations in Plaintiffs' motion as true, which they are not, there is no writing expressing the parties' alleged agreement as required by the statute, and therefore Plaintiffs' motion is due to be denied.[3]

---

[3] "To be given effect, an agreement or stipulation waiving the right to appeal . . . must clearly show such an intention, and must be made by competent parties and supported by a sufficient consideration." 4 C.J.S., APPEAL AND ERROR § 183. In cases where Alabama courts

### This Court Should Decline To Preside Over Any Evidentiary Hearing

9.  If the Court decides that an evidentiary hearing should be held, this Court should decline to preside over such a hearing because, according to Plaintiffs, Your Honor would be a material witness. (See Mot. to Enforce Agreement, ¶ 3) ("The Court was also advised of Defendants' motion and the [alleged] agreement between the parties. Based on the agreement of the parties, the Court released the jury venire"). Furthermore, Your Honor was involved in settlement negotiations that allegedly gave rise to the claimed oral agreement referenced in Plaintiffs' motion. Consequently, Your Honor would be a material witness concerning these negotiations.

10. Canon 3.C(1) of the Canons of Judicial Ethics addresses the circumstances in which a judge should recuse herself or himself from a case.[4] This Canon, though not inclusive, lists the following situations:

> (1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality

---

have addressed alleged agreements to waive the right to an appeal, there was a writing and an exchange of valuable consideration. *See, e.g., Owens v. Burton*, 340 So. 2d 24, 25 (Ala. 1976) . (will beneficiary waived right to appeal order overturning will, since such agreement was in writing, signed by her attorney, and was given in exchange for agreement that attorney's fee be paid out of the estate); *Phillips v. Knight*, 559 So. 2d 564 (Ala. 1990) (the Alabama Supreme Court found that the trial court erred as a matter of law in granting a motion to enforce a settlement agreement because, like the present case, there was no writing) (cited by Plaintiffs). Here, there is no express agreement nor any allegation of valuable consideration. Defendants' counsel made no such agreement and was not authorized to make such an agreement. Plaintiffs' assertions that they relied on Defendants' alleged promises "to their own detriment, specifically by forfeiting their right to trial by jury" are meaningless as Defendants also forfeited that same right and were in the exact same position as Plaintiffs.

[4] "The Canons are not merely guidelines for proper judicial conduct. It is well-settled that the Canons of Judicial Ethics have the force and effect of law." *Matter of Sheffield*, 465 So. 2d 350, 355 (Ala. 1984) (citing ALA. CONST. 1901 AMEND. 317; *Wallace v. Wallace*, 352 So. 2d 1376, 1378 n.1 (Ala. Civ. App. 1977)). Under Alabama law, the Court must resolve all reasonable doubts in favor of recusal. *Ex parte Bryant*, 682 So. 2d 39, 41 (Ala. 1996).

1430062 v3

4

might reasonably be questioned, including but not limited to instances where:

(a) He has a personal bias or prejudice concerning a party, or **personal knowledge of disputed evidentiary facts concerning the proceeding**....

(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a **material witness concerning it**.

ALA. R. J. ETHICS CANON 3.C (1)(a)-(b) (emphasis added).

11. Here, Plaintiffs intend to argue and presumably present evidence of an agreement that was made between the parties with the Court's involvement. By necessity, the Plaintiffs would be presenting evidence of what was discussed before and told to Your Honor, and potentially what was in turn said and done by Your Honor. In this situation, Your Honor has personal knowledge of disputed evidentiary facts, as the parties adamantly disagree as to whether any such agreement was entered into and Your Honor is a material witness concerning the alleged agreement. As such, Your Honor is therefore prevented under the law from hearing and ruling upon Plaintiffs' motion. ALA. R. J. ETHICS CANON 3.C (1)(a) & (b). *See also Ex parte Brooks*, 847 So. 2d 396, 398-99 (Ala. Crim. App. 2002) (trial judge was required to recuse himself from any further involvement in defendants' capital-murder trials; judge was in position of having personal knowledge of the truth or falsity of search warrant used to gain entrance to victims' home).

## Plaintiffs' Counsel Would Be Material Witnesses At Any Evidentiary Hearing

12. By all appearances, Plaintiffs intend to introduce, or attempt to introduce, evidence of discussions between Plaintiffs' counsel and Defendants and their counsel, and discussions with the Court. (*See, e.g.*, Mot. to Enforce Agreement, ¶¶ 4, 6) (Plaintiffs allege that

the Court was "advised of Defendant's motion and the agreement between the parties. Based on the agreement of the Parties, the Court released the jury venire. . . . Counsel for Defendants further assured counsel for Plaintiffs that they did not intend to appeal the judgment as agreed by the parties.").

13.    Under these circumstances, Plaintiffs' present motion necessitates testimony by Plaintiffs' counsel regarding material disputed facts which, therefore, prevents Plaintiffs' counsel from representing Plaintiffs at any evidentiary hearing. *See* ALA. R. PROF. CONDUCT 3.7(a).

14.    Accordingly, before any evidentiary hearing could be held on Plaintiffs' motion, the Court would be required to recuse himself and Plaintiffs' counsel would be required to disqualify themselves from acting as counsel for Plaintiffs for purposes of any such hearing. As shown above, neither the Court nor Plaintiffs' counsel need to get this far in the analysis because the Court should decline to entertain the motion due to lack of jurisdiction, or deny the motion outright because the alleged agreement would be unenforceable as a matter of law.

**WHEREFORE**, for the reasons stated more fully herein, Defendants oppose Plaintiffs' motion and respectfully request this Court to decline to consider Plaintiffs' Motion to Enforce Agreement on the grounds that jurisdiction over this case has been transferred to the Alabama Supreme Court. In the alternative, Defendants request the Court to decline to conduct an evidentiary hearing and deny the motion outright based upon unenforceability. In the alternative, if the Court decides that an evidentiary hearing should be held, the Court should recuse himself and ask that another judge be appointed to hear the matter, and Plaintiffs' counsel should disqualify themselves from representing Plaintiffs as advocates at any such hearing. Defendants request such other, different relief that the Court may find appropriate.

/s/ *signature*
Gerald Gillespy (GIL029)
Ricky J. McKinney (MCK030)
F. A. Flowers, III (FLO004)
BURR & FORMAN LLP
3100 Wachovia Tower
420 North Twentieth Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000

Attorneys for Peoples Community Bank
(n/k/a PeoplesSouth Bank) and Larry
Pitchford

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following this 23rd day of January, 2006

>*(in open court)*
>Ted Taylor, Esq.
>Leah O. Taylor, Esq.
>TAYLOR & TAYLOR
>2130 Highland Avenue
>Birmingham, Alabama 35205
>
>And
>
>*(via United States Mail, postage prepaid and properly addressed)*
>Scott Burnett Smith, Esq.
>Bradley Arant Rose & White LLP
>200 Clinton Avenue West, Suite 900
>Huntsville, Alabama 35801
>
>Thomas R. Elliott, Jr. Esq.
>London, Yancey & Elliott, LLC
>2001 Park Place, Suite 430
>Birmingham, Alabama 35203
>
>Hallman B. Eady, Esq.
>Bradley Arant Rose & White LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, Alabama 35203
>
>Charles A. Stewart, III, Esq.
>Bradley Arant Rose & White LLP
>The Alabama Center for Commerce
>401 Adams Avenue, Suite 780
>Montgomery, Alabama 36104

_____
OF COUNSEL

Jan. 20. 2006 2:55PM  No. 9577  P. 2

| State of Alabama<br>Unified Judicial System | NOTICE OF APPEAL TO THE (check appropriate block)<br>☑ SUPREME COURT OF ALABAMA<br>☐ COURT OF CIVIL APPEALS OF ALABAMA | Civil Action No.<br>CV-04-87 |
|---|---|---|
| Form ARAP-1 (front) 1/97 | | |

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA, EUFAULA DIVISION

APPELLANTS: Peoples Community Bank, Larry Pitchford, ~~and Jay Jennings~~

APPELLEES: Harris Leveson and Harris Pest & Termite Control, Inc.

TRIAL JUDGE: Hon. L. Bernard Smithart

DATE OF JUDGMENT: October 7, 2005       DATE OF POST-JUDGMENT ORDER: December 13, 2005

NOTICE IS HEREBY GIVEN THAT Peoples Community Bank, Larry Pitchford ~~and Jay Jennings~~ appeal to the above-named court from the ☑ Final Judgment and ☑ Order entered in this cause denying their motion for a new trial and motion for judgment as a matter of law.

*(describing it)*

### CHECK THE PROPER DESCRIPTION OF THE APPEALED CASE UNDER THE APPROPRIATE COURT:

**SUPREME COURT**
1. ☐ Summary Judgment, amount claimed more than $50,000
2. ☑ Judgment Amount exceeds $50,000
3. ☐ Amount Sought in trial court more than $50,000, Judgment for defendant
4. ☐ Equitable Relief, except for domestic relations
5. ☐ Other

**COURT OF CIVIL APPEALS**
1. ☐ Summary Judgment, amount claims $50,000 or less
2. ☐ Judgment Amount $50,000 or less
3. ☐ Amount Sought $50,000 or less, judgment for defendant
4. ☐ Workmen's Compensation
5. ☐ Domestic Relations
6. ☐ Other

FILED JAN 20 2006

APPELLANTS FILE WITH THIS NOTICE OF APPEAL:
1. ☐ Security for costs of appeal
2. ☐ A supersedeas bond in the amount of $_____
3. ☑ Deposited cash security in the amount of $4,375,800.00
4. ☐ Is exempted by law from giving security for costs of appeal by _____

Filed January 20, 2006
(Date)

CERTIFIED AS A TRUE COPY:
[signature]
Circuit Clerk

BURR & FORMAN LLP
(Address)
Suite 3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203
(205) 251-3000
Telephone Number

[signature]
Attorney for Appellants
F.A. Flowers, III

### SECURITY FOR COSTS

We hereby acknowledge ourselves security for costs of appeal. For the payment of all costs secured by this undertaking, we hereby waive our right of exemption as to personal property under the Constitution and laws of the State of Alabama.
Executed with our seals this ____ day of _____
Filed and approved:
_____ (Date)                                           Appellant-Principal
                                                                 Surety

Circuit Clerk
(Amended November 9, 1976; October 1, 1991)

### SUPERSEDEAS BOND

We, the undersigned principal and sureties, hereby acknowledge ourselves bound unto _____ in the sum of _____ Dollars, for the payment of which we bind ourselves, and each other, our heirs, executors, for amount of bond see Rule 8(a)(1) and administrators, jointly and severally, and as part of this undertaking we hereby waive our rights of exemption as to personal property under the Constitution and laws of the State of Alabama.

142824

Exhibit A

Form ARAP-(back)   1/97   NOTICE OF APPEAL TO THE   ☑ Supreme Court of Alabama   ☐ Court of Civil Appeals of Alabama

WHEREAS, the above-named appellees recovered a judgment against appellants for the sum of $_____ (and the further sum of _____ Dollars, the costs in that behalf expended. _____) and (describing judgment in addition to or other than for money only) _____

NOW, therefore, the condition of the foregoing obligation is such that, if the appellants shall prosecute this appeal to effect, and satisfy such judgment, penalties, and costs, including costs of appeal as may be rendered in this case, then the said obligation to be null and void, otherwise to remain in full force and effect.

Executed with our seals this _____ day of January, 2006.
Filed and approved:

_____ (L.S.)
Appellant-Principal

_____ (L.S.)
Surety

_____
Circuit Clerk

EXECUTION OF JUDGMENT STAYED:

Bond fixed at: $_____
(Not required for money judgment only.)                    _____
                                                            Circuit Judge

## DESIGNATION OF RECORD ON APPEAL

DESIGNATION OF CLERK'S RECORD: Appellant requests the clerk to include the following checked materials in the clerk's record:

| | |
|---|---|
| 1. ☐ Complaint | 9. ☑ Entire record (less those items set forth in Rule 10(a)) |
| 2. ☐ Answer | 10. ☐ Motion for summary judgment |
| 3. ☐ Counterclaim | 11. ☐ Opposition to motion for summary judgment |
| 4. ☐ Cross-Claim | 12. ☐ Final (Judgment)(Order) |
| 5. ☐ Third-party Complaint | 13. ☐ Motion for New Trial |
| 6. ☐ Third-party Answer | 14. ☐ Ruling on Motion |
| 7. ☐ Motion to dismiss | 15. ☐ Other: _____ |
| 8. ☐ Pretrial order | 16. ☐ Exhibit Number _____ |

## TRANSCRIPT STATUS

☐ Transcript will not be ordered. (See Rule 10(b), ARAP.)
☑ Transcript will be ordered. (See Rules 10(b)(2) and 11(a)(2), ARAP,
  Form 1A or 1B.) Court reporter(s): Kelli W. Mills, Courthouse, 217 North Prairie Street, Union Springs, Alabama 36089

Note: If more than one court reporter was involved in this case, you must file a Transcript Purchase Order Form in compliance with Rules 10(b) and 11(c), Form 1A or 1B of the ARAP, for each court reporter.
(Amended October 1, 1991).

## CERTIFICATE OF FILING

I certify that I have this date filed with the clerk of the trial court the original and 4 copies of the foregoing notice of appeal (along with $100 docket fee), and such other instruments as have been completed and included herein. A true copy of each of these items will be served by the clerk of the trial court on each of the following:

1) Clerk of the appellate court (the $100 docket fee shall be transmitted with this filing).
2) Court reporter.
3) Counsel for appellee, or appellee if no counsel.
   Name:    Ted Taylor & Leah O. Taylor, Taylor & Taylor
   Address: 2130 Highland Avenue, Birmingham, Alabama 35205

DATED this 20 day of January, 2006.

                                          _____
                                          Attorney for Appellants
                                          F. A. Flowers, III
                                          Burr & Forman LLP
                                          3100 Wachovia Tower, 420 North 20th Street
                                          Birmingham, Alabama 35203
                                          (205) 251-3000

(Amended October 1, 1991.)

1425234