IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| PEOPLES COMMUNITY BANK, INC., LARRY PITCHFORD, JERRY GULLEDGE, HARRIS LEVESON, and HARRIS PEST AND TERMITE CONTROL, INC., | ) Civil Action No.: 2:05-CV-1064-F<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PROGRESSIVE'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO ABSTAIN**

Plaintiff Progressive Casualty Insurance Company ("Plaintiff" or "Progressive") offers the following in response to the Motion to Dismiss, or in the alternative, Motion to Abstain filed by Peoples Community Bank, Inc., Larry Pitchford and Jerry Gulledge (collectively the "Bank") and the Motion to Dismiss (collectively the "Motions") filed by Harris Leveson and Harris Pest & Termite Conrol, Inc. (collectively "Leveson") and in support of its Complaint for Declaratory Judgment.

### Introduction

The Motions should be denied by this Court on procedural and substantive grounds. Procedurally, Federal Rule of Civil Procedure 12(b) does not provide abstention as an appropriate basis for dismissal. As these Motions are based solely on abstention, and neither the Bank nor Leveson has answered Progressive's Complaint for Declaratory Judgment, these Motions are improper and should be denied. Moreover, as a substantive matter, these Motions

1

should be denied by this Court because the argument for abstention is not supported by a fully developed factual record.

This Court should stay the present federal action until the Supreme Court of Alabama renders a decision on Progressive's appeal of the garnishment action. As highlighted in two responsive Motions filed by Progressive in the Circuit Court of Barbour County within the time required by Alabama law, the garnishment action initiated against Progressive in state court was indisputably due to be dismissed by the state trial court. Although Judge Smithart ignored Progressive's two responsive Motions and erroneously entered Final Judgment against Progressive on December 28, 2005, Progressive filed a Notice of Appeal to the Supreme Court of Alabama on January 24, 2006, attached as Exhibit A. Because the parallel state court action violates the Alabama garnishment and insurance statutes, the Supreme Court of Alabama should reverse the trial court's entry of Final Judgment in favor or the underlying Plaintiffs and dismiss the untimely garnishment action. Accordingly, Progressive requests this Court to stay the present federal action until such time as the Supreme Court of Alabama necessarily reverses the judgment entered by the trial court and dismisses the garnishment against Progressive.

### Supporting Facts

1.    Progressive adopts all of the facts highlighted in its Complaint for Declaratory Judgment filed with the Court on November 3, 2005 and incorporates all facts by reference herein.

### Background

2.    On October 7, 2005, Judge Smithart entered an Order awarding Two Million Five Hundred Thousand and no/100 Dollars ($2,500,000.00) in compensatory damages and One Million and no/100 Dollars ($1,000,000.00) in punitive damages against Defendants in the

2

Circuit Court of Barbour County, Alabama, Civil Action File No. CV-04-020 (the "underlying action).

3.    Rather than wait thirty days as required by Alabama Rule of Civil Procedure 62, Alabama Code § 27-23-2 (1975), and the Alabama insurance code, the Plaintiffs in the underlying action filed, on the very same day as Judge Smithart's Order, a premature Process of Garnishment against Progressive. The Process of Garnishment seeks Three Million Five Hundred Thousand and no/100 Dollars ($3,500,000.00), the entire amount of damages awarded against Defendants in the underlying action, from Progressive under a Directors and Officers Liability Insurance Policy (the "Policy") provided by Progressive to Peoples Community Bank, Inc. ("Peoples"). The Policy provided by Progressive was a Directors and Officers insurance policy with a policy limit of $2,000,000 and a self-insured retention of $100,000.00. The Policy did not include errors or omissions coverage for Peoples and did not provide insurance coverage directly for Peoples.

4.    The Policy issued by Progressive contains two limiting insuring agreements and several exclusions from and limitations on coverage, including but not limited to portions highlighted in Plaintiff's previously filed Complaint for Declaratory Judgment.

5.    On November 3, 2005, the Defendants in the underlying action filed a Motion for New Trial/Judgment as a Matter of Law with the Circuit Court of Barbour County, Alabama within the time allowed under Alabama law.

6.    On November 4, 2005, within the time required under Alabama law, Progressive filed a Motion to Dismiss the Process of Garnishment filed against it, providing to the state court several compelling grounds for dismissal. A copy of this Motion is attached as Exhibit B. Despite this filing, Judge Smithart entered a Conditional Judgment against Progressive on November 22, 2005 on the grounds that Progressive "failed to file an Answer thereto within the

time required by law." Because Progressive filed its Motion to Dismiss within the time required under Alabama law, the Conditional Judgment entered against Progressive by Judge Smithart was in error and was immediately due to be set aside.

7. On December 12, 2005, Progressive filed a Motion to Alter or Amend Conditional Judgment and Motion to Dismiss or Quash. A copy of this Motion is attached as Exhibit C. In this Motion, Progressive not only raised its procedural challenges to the garnishment proceedings under Alabama Code §§ 27-23-1 through 27-23-2 and §§ 6-6-370 through 6-6-464, but it also raised substantive challenges to the garnishment under the provisions of its insurance policy, by filing an answer that complied with Alabama Code § 6-6-451 and challenged the excessiveness of the Conditional Judgment to the extent it exceeded the $2 million policy limit. Progressive filed this Motion in response to Judge Smithart's disregard for its previously filed Motion to Dismiss, which, again, had been filed within the time allowed under Alabama law.

8. On December 13, 2005, Judge Smithart denied the underlying Defendants' Motion for New Trial/Judgment as a Matter of Law, stating that he had considered each of the arguments presented but could find no basis for setting aside the judgment entered against them.

9. On December 28, 2005, despite the undeniable bases for dismissal asserted by Progressive in two separate responsive Motions, attached hereto as Exhibits B and C, both filed within the time allowed under Alabama law, Judge Smithart erroneously entered Final Judgment against Progressive stating that Progressive "failed to appear." A copy of this Final Judgment is attached hereto as Exhibit D. In his entry of Final Judgment against Progressive, Judge Smithart refused to address any of Progressive's procedural and substantive defenses to garnishment.

10. On January 19, 2006, Plaintiffs filed a Motion to Enforce Agreement in the underlying case, attached hereto as Exhibit E. In its Motion, Plaintiffs allege that the Bank

agreed to waive its right to an appeal and its right to a jury trial in open court before Judge Smithart on August 22, 2005. Plaintiffs further allege that as a result of this agreement, Judge Smithart released the jury venire and the trial proceeded to a nonjury trial on the same day on which the agreement occurred. In its Motion, Plaintiffs in the underlying case also allege that counsel for the Bank assured them, even after filing a Motion for New Trial/Judgment as a Matter of Law with the state court, that the Bank did not intend to breach its agreement, did not actually intend to appeal and filed the post-trial motion only in an effort to better determine insurance coverage. Progressive was not informed of this alleged agreement and did not cooperate in its making. Progressive was also not informed of any conversations between the underlying Plaintiffs and the Bank following trial whereby the Bank allegedly reaffirmed its agreement not to appeal Judge Smithart's Order. Any agreement by the Defendants in the underlying case to waive their rights to appeal would violate additional exclusions in the Policy. In particular, because Progressive was not informed of any such agreement and did not approve its making, this agreement would violate cooperation and settlement provisions within the Policy.

11.   As a result of Judge Smithart's denial of its Motion for New Trial/Judgment as a Matter of Law, the Bank and Pitchford filed a Notice of Appeal on January 20, 2006 in the Circuit Court of Barbour County. Defendant Gulledge did not participate in the appeal and the $3.5 million judgment is final against him.

12.   On January 24, 2006, in response to Plaintiff's Motion to Enforce Agreement, the Bank filed a Motion, attached hereto as Exhibit F, stating that no writing exists memorializing the alleged agreement to waive its right to appeal and that the Bank never agreed to waive this right. Despite these contradicting Motions, it remains to be determined what, if any, agreement

occurred between the parties prior to Judge Smithart's entry of Final Judgment as to the underlying case. Upon information and belief, the parties to the underlying case participated in a hearing before Judge Smithart on or about Monday, January 23, 2006 in an effort to determine what, if any, agreement existed between the parties as to the Bank's right to appeal final judgment. Progressive did not receive notice of this hearing from the Court or otherwise and has not participated in any hearing before Judge Smithart resulting from this or any other issue in the underlying case.

13. On January 25, 2006, Progressive filed a Notice of Appeal, properly supported by an approved supersedeas bond, as the result of Judge Smithart's erroneous entry of Final Judgment against it as to the Process of Garnishment. As provided in Progressive's responsive Motions attached hereto as Exhibits B and C, the Plaintiff's Process of Garnishment was improper at the outset and remains due to be dismissed by the Supreme Court of Alabama.

**Progressive's Motion to Dismiss**

14. In the initial Motion to Dismiss that Progressive filed with the Circuit Court of Barbour County on November 4, 2005, attached hereto as Exhibit B, Progressive provided the Court with several well-grounded and irrefutable bases for dismissal. First, Alabama Code § 27-23-1 (1975), the code section under which Plaintiffs to the underlying action filed their Process of Garnishment against Progressive, does not apply to the Policy. Second, the Process of Garnishment filed by Plaintiffs was premature because it was not adequately supported by a "final judgment" when filed. Third, the Process of Garnishment did not name the underlying Defendants as necessary garnishees. Fourth, the Policy either does not cover or expressly excludes from coverage the claims that were made the bases for Judge Smithart's award to the underlying Plaintiffs.

**Progressive's Motion to Alter or Amend and Motion to Dismiss or Quash**

15. Despite Progressive's Motion to Dismiss, Judge Smithart entered a Conditional Judgment against it on the basis that Progressive "failed to file an Answer thereto within the time required by law." Believing that conclusion to be erroneous, Progressive filed a renewed Motion, attached hereto as Exhibit C, further expounding the bases of its Motion to Dismiss. In addition, Progressive provided additional undeniable bases for the Court's dismissal of the Process of Garnishment and for the Court's setting aside the Conditional Judgment entered against it.

16. Progressive's renewed Motion provided the following bases for dismissal of the Process of Garnishment and for setting aside the Conditional Judgment entered against it. First, the Conditional Judgment entered against Progressive was in error because Progressive filed its Motion to Dismiss within the time required by law, thus tolling the time for Answer. Second, the Process of Garnishment was untimely because it was not supported by a "final judgment" when filed. Third, the Conditional Judgment entered against Progressive was premature because the underlying Plaintiffs initiated their Process of Garnishment less than thirty days after Judge Smithart's Order in the underlying action. Fourth, Plaintiff's Process of Garnishment was unconstitutional. Fifth, Plaintiffs' Process of Garnishment was defective because it did not properly name the underlying Defendants as necessary garnishees. Sixth, the Conditional Judgment entered against Progressive was excessive as the policy limit for the Policy was $2,000,000.00. Seventh, Plaintiffs did not properly serve Progressive with its Process of Garnishment. Eighth, the Conditional Judgment entered against Progressive was baseless because it filed an answer complying with Alabama Code § 6-6-451. Finally, even if Plaintiffs' Process of Garnishment was not subject to dismissal for the foregoing reasons, the Policy either did not cover or expressly excluded from coverage the claims that were made the bases for Judge Smithart's award to the underlying Plaintiffs.

## ARGUMENT

A.  **The Motions are improper because a motion under Rule 12(b) cannot be based on abstention.**

The Motions based on abstention are improper under the Federal Rules of Civil Procedure. The defenses that are available to a Defendant by a Motion to Dismiss filed before an answer are limited to only those defenses enumerated in Rule 12(b). FED. R. CIV. P. 12(b). "Rule 12 of the Federal Rules of Civil Procedure . . . provides that certain defenses may be presented by motion as well as by answer. Nothing in the Rules indicates that any defenses may be so presented except those enumerated in rule 12(b)." Kincaid v. Anchorage, 99 F. Supp. 1017, 1018-19 (D. Alaska 1951) (citing Bowles v. Glick Bros. Lumber Co., 146 F. 2d 566, 568 (9th Cir. 1945)). Rule 12(b) of the Federal Rules of Civil Procedure provides the following grounds for defenses: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. FED. R. CIV. P. 12(b). The Bank and Leveson filed their Motions to Dismiss based solely on abstention. Such motions do not fall within the terms of Rule 12(b). See, e.g., Warren Brothers Co. v. Cardi Corp, 471 F.2d 1304, 1308 (1st Cir. 1973); Ainsworth v. Merill Lynch, Pierce, Fenner & Smith, Inc., 298 F. Supp. 479, 480 (W.D. Okla. 1969) (denying Defendant's prayer for dismissal based on the pendency of litigation as improperly pled under Rule 12(b)); Sproul v. Gambone, 34 F. Supp. 441, 442 (W.D. Penn. 1940) (holding that pendency of another action is not a matter that can be raised by motion to dismiss and should be raised by answer). Instead, the Bank and Leveson ask this Court to exercise discretion available to it under the Declaratory Judgment Act. In essence, the parties are asking this Court to decline to exercise jurisdiction that it "may" exercise. Because Federal Rule of Civil Procedure 12(b)

does not provide abstention as grounds for a defense, the Motions are improper and due to be denied by the Court.

**B.  This Court should stay the present federal action until such time as the Supreme Court of Alabama addresses the Garnishment against Progressive.**

The standards by which a Federal Court may decline to exercise jurisdiction in a declaratory judgment action, articulated in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), Wilton v. Seven Falls Co., 515 U.S. 277 (1995), and Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005), may not be addressed in this matter until a more complete factual record is developed. Moreover, Progressive disagrees with the Bank's application of these factors to the present dispute. For instance, the interest of the State of Alabama in the orderly disposition of the present dispute may not be any greater than that of other states. Progressive is a corporate citizen of Ohio, the Bank is in a holding group domiciled in the State of Georgia, and the policy was issued and delivered in the State of Georgia. The Bank's argument of the Brillhart factors are merely that, arguments, and the factual basis for each of the factors remains to be developed. Moreover, there is a strong constitutional issue involved in this matter. The garnishment action instituted in this action was tantamount to a garnishment prior to a final judgment and therefore in violation of the Fourteenth Amendment to the United States Constitution. See, e.g., Skillman v. First State Bank of Altoona, 341 So. 2d 691, 692 (Ala. 1977) (citing McMeans v. Schwartz, 330 F. Supp. 1397 (S.D. Ala. 1971)).

This Court should stay the present federal action until the Supreme Court of Alabama renders a decision on Progressive's appeal of the garnishment action. Plaintiffs in the underlying action instituted a "Process of Garnishment" against Progressive in Alabama state court, that proceeding was due to be dismissed by the trial court for the reasons provided in Progressive's

9

previously filed responsive motions, attached as Exhibits B and C to this response. Stated another way, the Process of Garnishment filed against Progressive was defective from its initiation and did not constitute an action that Plaintiffs were entitled to file. Despite this, Judge Smithart erroneously entered Final Judgment against Progressive as to the Process of Garnishment.

Progressive filed a Notice of Appeal on January 25, 2006, properly supported by an approved supersedeas bond, and the Process of Garnishment instituted against Progressive remains undeniably due to be dismissed by the Supreme Court of Alabama. Upon information and belief, Royal Sun & Alliance, the general liability insurer in the underlying case, also plans to file a Notice of Appeal as to Judge Smithart's entry of Final Judgment against it on the Process of Garnishment, to be properly supported by an approved supersedeas bond within the time required under Alabama law. Although the Motions are due to be denied by this Court, the only other option available to this Court is to stay the present proceedings until such time as the Supreme Court of Alabama dismisses the Process of Garnishment initiated against Progressive.

A district court may stay or dismiss a declaratory judgment action. Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 707 (1996). "Consistent with the nonobligatory nature of the remedy [declaratory judgment], a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment . . .." Wilton v. Falls Co., 515 U.S. 277, 288 (1995). But, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Id. at n.2 (citing P. BATOR, D. MELTZER, P. MISHKIN, & D. SHAPIRO,

HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 1451, n. 9 (3d ed. 1988)).

Progressive has appealed Judge Smithart's erroneous entry of Final Judgment against it. If the Alabama Supreme Court reverses the judgment and determines that the garnishment proceedings were invalid, then this action can proceed. Staying rather than dismissing this action will ensure that it can proceed without risk of a time bar. For practical purposes, Progressive requests that the Court place the present action on an administrative docket until such time as the Alabama Supreme Court issues a judgment. At that time, Progressive will notify the Court so that the properly initiated federal action may proceed without bar.

Respectfully submitted,

s/ Charles A. Stewart III
Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradleyarant.com

Thomas R. Elliott, Jr. (ELL021)
LONDON, YANCEY, & ELLIOTT, L.L.C.
2001 Park Place, Suite 430
Birmingham, Alabama 35203
Telephone: (205) 380-3600
Facsimile: (205) 251-8929
Email: telliott@lyelaw.com

Scott B. Smith (SMI219)
Bradley Arant Rose & White LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200

        Email:  ssmith@bradleyarant.com

        Hallman B. Eady (EAD006)
        Bradley Arant Rose & White llp
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203-2104
        Telephone: (205) 521-8000
        Facsimile: (205) 521-8800
        Email:  heady@bradleyarant.com

        Attorneys for Progressive Casualty
Insurance Co.

## CERTIFICATE OF SERVICE

  I hereby certify that on January 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Jason A. Walters
  Gerald P. Gillespy
  Burr & Forman LLP
  3100 Wachovia Tower, 420 North Twentieth Street
  Birmingham, AL  35203
  jwalters@burr.com
  gillespy@bur.com

  Christopher Max Mims
  James Davis Farmer
  Farmer Farmer & Malone PA
  112 West Troy Street
  P. O. Drawer 668
  Dothan, AL  36302-0668
  cmm@ffmlaw.com
  jdf@ffmlaw.com

  E. Ted Taylor
  Leah Oldacre Taylor
  Taylor & Taylor
  2130 Highland Avenue
  Birmingham, AL 35205
  taylorlaw9@aol.com
  lotaylor@taylorlawyers.com

and I hereby certify that I have mailed by United States Postal Service the document to

the following non-CM/ECF participants:

None.

                                        <u>s/ Charles A. Stewart III</u>
                                        Charles A. Stewart III (STE067)
                                        Bradley Arant Rose & White LLP
                                        The Alabama Center for Commerce
                                        401 Adams Avenue, Suite 780
                                        Montgomery, AL 36104
                                        Telephone: (334) 956-7700
                                        Facsimile: (334) 956-7701
                                        Email:  cstewart@bradleyarant.com

1/1404028.3