IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| PEOPLES COMMUNITY BANK, INC., LARRY PITCHFORD, JERRY GULLEDGE, HARRIS LEVESON, AND HARRIS PEST AND TERMITE CONTROL, INC., | ) CIVIL ACTION NO. 2:05CV1064-C<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS PEOPLES COMMUNITY BANK, INC. AND LARRY PITCHFORD'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

**COME NOW** defendants, Peoples Community Bank, Inc. ("Peoples" or the "Bank")[1] and Larry Pitchford (collectively, "Defendants"), by and through their undersigned counsel, and hereby submit the following Reply in Support of their Motion to Dismiss. In support thereof, Defendants state as follows:

### I.     INTRODUCTION

The Court should grant Defendants' Motion to Dismiss for the reasons stated therein and because those reasons were not refuted in Progressive's Response. In fact, Progressive did not even challenge Defendants' argument that the present case is abated. This alone justifies dismissal. Progressive also failed to distinguish or refute any of the authorities cited by Defendants in support of abstention. Instead, Progressive makes the unlikely procedural argument that Defendants should be required to file an answer and litigate the case before the Court has the authority to

---

[1] Peoples Community Bank is now known as PeoplesSouth Bank. However, for purposes of clarity, the Bank will be referred to in this Motion as Peoples Community Bank.

dismiss the lawsuit on abstention grounds. Progressive's other argument is that the Court can only stay the lawsuit, not dismiss it, which directly contradicts Alabama law and the principles of abstention. (Doc. 18, p. 10). Progressive's lengthy response brief dedicates only two or three pages to these two arguments. The remainder of the brief is needlessly spent arguing the merits of the state court garnishment action, which has no bearing on the issues currently before the Court. Stated another way, this Court's decision should not be based on whether Progressive might win or lose the state court case. That is up to the Alabama Supreme Court to decide. In ruling on the Motion to Dismiss, this Court need only consider the elements of abatement and abstention, neither of which require the Court to consider the merits of Progressive's argument in state court.

## II.   ARGUMENT

### A.   Plaintiff's Claims Are Abated Under Alabama Law.

Nowhere in Progressive's Response does it challenge Defendants' contention that the present action is abated pursuant to Ala. Code § 6-5-440 (1975). This statute prohibits a party like Progressive from litigating the same issues in different courts at the same time:

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and **the pendency of the former is a good defense to the latter if commenced at different times.**

Ala. Code § 6-5-440 (1975) (emphasis added). The phrase "courts of this state" includes all federal courts located in Alabama. <u>Ex parte The University of South Alabama Foundation</u>, 788 So. 2d 161, 164 (Ala. 2000). A defendant with a compulsory

counterclaim in the first action is considered a "plaintiff" in that action at the time of its commencement for purposes of § 6-5-440. Ex parte The University of South Alabama Foundation, 788 So. 2d at 164.

Under Rule 13 of the Alabama Rules of Civil Procedure, Progressive's declaratory judgment action was a compulsory counterclaim in the state court action if it arose out of the same transaction or occurrence as the process of garnishment. There can be no question that this requirement is satisfied since the principle issue in the garnishment action in state court and Progressive's claim for declaratory relief here are both based on coverage under the same insurance policy. Critically, Progressive *does not dispute* in its Response that the claims in this case were compulsory counterclaims in the state court action. In fact, Progressive admits that it raised the issue of coverage in state court. (Doc. 18, p. 7). Progressive simply cannot get around the undeniable fact that the very same coverage issues in question here are already pending in a separate state court lawsuit, which is now on appeal to the Alabama Supreme Court. Due to Progressive's failure to answer in the garnishment proceeding as required by Alabama law, a judgment was entered against it in the state court action. Since Progressive was unhappy with this result, it is now trying to have a second bite at the apple by filing a quasi-appeal in federal court. Not surprisingly, Progressive could find *no authority* that would allow it to maintain a duplicate federal action. Defendants, on the other hand, have cited extensive case law dictating that the present case be dismissed.

Indeed, the Alabama Supreme Court has made it very clear that the same issues cannot be litigated in two different courts at once:

1433689                                                   3

> The first court seized of the issues involved, if identical, whether by action for declaration, or other judgment, must be permitted to retain jurisdiction of the case. … [J]urisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action another action *or proceeding* to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action.

Ex parte Moore, 382 So. 2d 548, 550 (Ala. 1980) (emphasis added).

Here, the state court is clearly seized of the issues involved and has already entered a judgment on the garnishment against Progressive, which resolved the very issues that Progressive now seeks to relitigate before this Court. Because the state court case involved the same parties as the present action and adjudicated the same issues involved here, there can be no question that the declaratory judgment action is abated and due to be dismissed.

**B.     The Court Should Abstain from Exercising Jurisdiction.**

In its response, Progressive did not even attempt to refute or distinguish the abstention authorities cited by Defendants in their Motion to Dismiss. Instead, Progressive offered three largely unsupported arguments as to why this Court should not abstain.

Progressive's first argument, which consisted of one sentence, was that there was an insufficient factual record for this Court to determine whether to abstain. Yet Progressive was unable to specify a single unknown fact that would affect the Court's decision. Progressive's argument also ignores the fact that abstention is usually decided at the motion to dismiss stage before a detailed factual record has been developed. See, e.g., Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005) (affirming Judge Proctor's dismissal in favor of parallel state court action).

This Court is aware of the state court action, the issues and parties involved, and has been briefed on the relevant authorities. No additional information is needed for the Court to rule on the Motion to Dismiss.

Progressive's second argument is that the timing of the state court garnishment proceeding raises constitutional issues under the Fourteenth Amendment. Plaintiff's argument simply does not hold water because the constitutionality of the state court garnishment action is not before this Court. But even if the timing of the garnishment proceeding did pose a constitutional question, it would have no effect on whether this Court should abstain from determining the separate and distinct issue of coverage. Any constitutional questions concerning the garnishment will be decided by the Alabama Supreme Court. Progressive cannot appeal a state court decision to federal court. Therefore, the constitutionality of the garnishment proceedings provides no grounds for this Court to retain jurisdiction.

Progressive's final argument against abstention is that the Court should stay the present case pending the outcome of the garnishment action. As Progressive is forced to admit, this Court has the discretion to dismiss or stay the present action. The only reason cited by Progressive for granting a stay is to prevent the risk of a time bar, yet Progressive offers no indication that timeliness is an issue in this case. Absent such information, there is no evidence that a stay is preferable to dismissal. If anything, the fact that the present case is also abated under Ala. Code § 6-5-440 weighs heavily in favor of dismissal.

It is also important to note that due to the procedural posturing of Progressive and Royal Insurance Company (<u>see</u> No. 2:05CV1127-B also pending before this Court),

there are now three separate lawsuits in which the exact same issues are being litigated. Defendants have been forced to appear and mount defenses in each of these actions even though both federal cases are abated, neither federal case can provide complete relief to all parties, and the entire controversy could be more efficiently resolved in one action in state court, where it was originally filed. In light of these compelling factors, this Court should follow the Eleventh Circuit's decision in <u>Ameritas Variable Life Ins. Co. v. Roach</u> and enter an order dismissing the present case on grounds of abstention and abatement.

**C.    Defendants' Motion to Dismiss Is Procedurally Proper.**

The primary argument in Progressive's response is that abstention cannot serve as a basis for granting a motion dismiss.[2] While Progressive cites a handful of cases from remote jurisdictions, Progressive fails to inform the Court that the United States Supreme Court has condoned the use of a motion to dismiss to raise abstention arguments. <u>See</u>, <u>e.g.</u>, <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491 (1942). Progressive also fails to point out that the Eleventh Circuit Court of Appeals has frequently affirmed decisions granting motions to dismiss based on abstention. <u>See</u>, <u>e.g.</u>, <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328 (11th Cir. 2005); <u>Cormier v. Green</u>, 141 Fed. Appx. 808 (11th Cir. 2005). It simply makes no sense for parties to engage in litigation before the Court rules on abstention. Indeed, a federal court's authority to dismiss cases on abstention grounds is so well-established that it is seldom

---

[2] It is important to note the inconsistency of the plaintiff's argument. Progressive contends that Defendants should have filed an answer instead of a motion to dismiss in the present case, while simultaneously arguing that it properly filed a motion to dismiss instead of an answer in the state court garnishment proceeding. The fact is that Progressive was required by state law to file an answer in the garnishment proceeding (yet refused to do so), while Defendants were permitted to file a motion to dismiss in the present case pursuant to the Federal Rules of Civil Procedure.

1433689                                             6

addressed. Many courts that have addressed the issue have found it to be in the nature of a motion to dismiss under Rule 12(b)(6). Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743, 745 (3d Cir. 1982); Fore Way Express, Inc. v. Dep't of Indus., Labor and Human Relations, 660 F. Supp. 310, 311 (E.D. Wis. 1987) (dismissing case in deference to state proceedings); Coles v. City of Philadelphia, 145 F. Supp. 2d 646, 649 (E.D. Penn. 2001). Other courts liken abstention motions to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Hanlin Group, Inc. v. Power Auth. of New York, 709 F. Supp. 305, 306 (S.D.N.Y. 1989); Stein v. Legal Adver. Comm. of the Disciplinary Bd., 304 F. Supp. 2d 1274, 1277 n.3 (D.N.M. 2003); DeLoreto v. Ment, 944 F. Supp. 1023, 1028 (D. Conn. 1996). Regardless of the basis, all these courts agree that federal courts possess the authority to grant motions to dismiss on grounds of abstention.

### III.  CONCLUSION

For the foregoing reasons, Defendants request that the Court exercise its authority and grant Defendants' Motion to Dismiss.

Respectfully Submitted,

s/ Gerald P. Gillespy
s/ Jason A. Walters
Gerald P. Gillespy (GILLG3726)
Jason A. Walters (WALT8747)
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

        James D. Farmer
        Christopher Max Mims
        FARMER, FARMER & MALONE, P.A.
        112 West Troy Street
        Post Office Drawer 668
        Dothan, Alabama  36302
        Telephone:  (205) 794-8596


        Attorneys for Peoples Community Bank,
        Inc. and Larry Pitchford

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

        Charles A. Stewart, III, Esq.
        cstewart@bradleyarant.com

        E. Ted Taylor, Esq.
        taylorlaw9@aol.com

        Hallman B. Eady, Esq.
        heady@bradleyarant.com

        Scott B. Smith, Esq.
        ssmith@bradleyarant.com

        Thomas R. Elliott, Jr., Esq.
        telliott@lyelaw.com

        Leah O. Taylor, Esq.
        lotaylor@taylorlawyers.com

I also certify that I have served a copy of the foregoing document upon the following by United States Mail, postage prepaid and properly addressed this 10th day of February, 2006.

        Jerry Gulledge
        117 Collins Court
        Eufaula, Alabama  36027-6050


        s/ Gerald P. Gillespy
        OF COUNSEL

1433689         8