IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>v. )<br>)<br>PEOPLESSOUTH BANK, LARRY )<br>PITCHFORD, JERRY GULLEDGE, )<br>HARRIS LEVESON; and HARRIS PEST )<br>AND TERMITE CONTROL, )<br>)<br>Defendants. | CIVIL ACTION NO.<br>2:05cv1064-MEF-CSC |

**PEOPLESSOUTH BANK, LARRY PITCHFORD, JERRY GULLEDGE'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND REINSTATE CAUSE OF ACTION**

**COME NOW** the Defendants, PeoplesSouth Bank ("the Bank"), Larry Pitchford ("Pitchford"), and Jerry Gulledge ("Gulledge"), by and through their undersigned counsel, and hereby submit their Opposition to Plaintiff's Motion To Set Aside Judgment and Reinstate Cause of Action.[1] As grounds therefore, Defendants state the following:

### I. INTRODUCTION

The present case is preceded by the lengthy procedural histories of several other related cases, which are set forth below:

**A.   The Original State Court Case.**

The first proceeding involving the parties at issue here was initiated on February 20, 2004 in the Circuit Court of Barbour County, Alabama by Harris Leveson and his business, Harris Pest and Termite Control, Inc. (collectively "Leveson"), against the Bank, Pitchford, and

---

[1] This brief is also timely submitted in response to the Court's July 13, 2006 Order. (Doc. 33).

Gulledge ("its officers").[2] The case was styled *Harris Leveson, et al. v. Peoples Community Bank, Inc.*, et al., Case No. CV-04-67 (the "State Court Case"). Judge L. Bernard Smithart tried the State Court Case non-jury for three (3) days beginning on August 22, 2005. He signed and entered a final judgment on October 7, 2005 awarding $2,500,000 in compensatory damages and $1,000,000 in punitive damages to Leveson. That judgment has resulted in a series of state court appeals, the most recent of which was filed on June 14, 2006 and remains pending before the Alabama Supreme Court.[3]

Two insurance policies are relevant to the State Court Case and the proceedings which followed it. First, the Bank had an insurance policy with Royal Indemnity Company ("Royal")[4] that covered the claims asserted in the State Court Case (the "Royal Policy"). Second, Progressive Casualty Insurance Company, Inc. ("Progressive") had issued a "claims made" Directors and Officers (D&O) Liability Policy ("the Progressive Policy") to the Bank that indemnified the Bank and/or Pitchford and/or Gulledge for the claims asserted in the State Court Case.[5] Where applicable, Royal and Progressive are referred to herein as "the Insurers."

Royal denied coverage for any claims made by the Bank early in the State Court Case proceedings. Progressive initially admitted that some of the claims in the State Court Case would be covered by the Progressive Policy. Prior to the trial in Barbour County, Leveson

---

[2] Defendants note that Pitchford is still an officer of the Bank, while Gulledge is not. However, both Pitchford and Gulledge were officers at all times relevant to the *Leveson* suit.

[3] The Bank and Pitchford filed their first appeal with the Alabama Supreme Court over the State Court Case judgment on January 20, 2006. Gulledge also appealed that decision to the Alabama Supreme Court. Leveson responded by arguing that the parties had agreed that Leveson would waive the right to a jury trial if the Bank and its officers would waive their right to appeal ("the agreement"). The Alabama Supreme Court remanded the case to the state court to consider the motion to enforce agreement on March 14, 2006. The state court granted Leveson's motion to enforce the agreement on June 8, 2006, and the Bank and Pitchford appealed that decision on June 14, 2006.

[4] As successor in interest to Globe Indemnity Company.

[5] This policy was in effect from March 26, 2003 to March 26, 2004.

demanded that the Bank and its officers settle the State Court Case within policy limits, and these parties in turn demanded settlement of the case by payment of the coverage limits. However, the Insurers never authorized the settlement of the case within applicable policy limits.

### B. The State Court Garnishment Proceedings.

On October 7, 2005, Leveson instituted garnishment proceedings against the Insurers to recover under the insurance policies. (Doc. 7, Exh. 1; Case No. 2:05cv1127, Doc. 12, Exh. A). Royal did not answer, but instead filed a Motion to Dismiss the Process of Garnishment in the State Court Case on or about November 18, 2005. (Case No. 2:05cv1127, Doc. 12, Exh. C). Royal then filed a declaratory judgment action in this Court on November 28, 2005. (Case No. 2:05cv1127, Doc. 1). Similarly, Progressive filed a Motion to Dismiss the Process of Garnishment in the State Court Case on or about November 4, 2005 and filed a declaratory judgment action in this Court on November 3, 2005. (Doc. 1; Doc. 7, Exh. 3). The two declaratory judgment actions are discussed more fully below.

On November 22, 2005, Judge Smithart signed and entered two (2) Conditional Judgments in the garnishment proceedings against Royal and Progressive. (Doc. 7, Exh. 4; Case No. 2:05cv1127, Doc. 12, Exh. D). Then, on December 12, 2005 and December 22, 2005, respectively, Progressive and Royal filed Motions to Alter, Amend and Vacate the Conditional Judgment and Motion to Dismiss and/or Quash. (Doc. 18, Exh. C; Case No. 2:05cv1127, Doc. 12, Exh. E). On December 28, 2005, Judge Smithart entered Final Judgments against Royal and Progressive in the garnishment proceedings. (Doc. 18, Exh. D; Case No. 2:05cv1127, Doc. 12, Exh. F). Progressive filed a notice of appeal of the Final Judgment to the Alabama Supreme Court on January 24, 2006 and Royal filed its notice of appeal of the its Final Judgment on February 7, 2006. (Doc. 18, Exh A). Both appeals remain pending.

### C. Progressive's Declaratory Judgment Action (Case No. 2:05cv1064).

Progressive filed a declaratory judgment action in this Court on November 3, 2005 against the Bank, its officers, Leveson, and his company. (Doc. 1). The action sought an order declaring that Progressive's insurance policy does not provide coverage for the claims asserted in the State Court Case. (*Id*.). On December 5, 2005, the Bank and its officers filed a Motion to Dismiss or, in the Alternative, Motion to Abstain Progressive's declaratory judgment action. (Doc. 7). That motion requested that the Court abstain from exercising jurisdiction under *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) and its progeny and set forth that Progressive's suit should be abated under Alabama Code § 6-5-400 (1975). (*Id*.). Leveson also filed a Motion to Dismiss Progressive's declaratory judgment action on December 27, 2005. (Docs. 11-12). That motion also urged the Court to abstain from exercising jurisdiction under *Brillhart*. (*Id*.). Progressive responded to the Motions to Dismiss on January 31, 2006. (Doc. 18). On June 27, 2006, the Court issued its Memorandum Opinion and Order, finding "Defendants' arguments to be persuasive and well taken and that the applicable [*Brillhart*] factors balance in favor of dismissal of this action." (Doc. 28).

### D. Royal's Declaratory Judgment Action (Case No. 2:05cv1127).

Like Progressive, Royal filed declaratory judgment action in this Court on November 28, 2005 against the Bank, its officers, Leveson, and his company. (Case No. 2:05cv1127, Doc. 1). The action sought an order declaring that Royal's insurance policy does not provide coverage for the claims asserted in the State Court Case. (*Id*.). As discussed above with regard to Progressive's case, virtually identical motions to dismiss or abstain under *Brillhart* were filed by the Bank, its officers, and Leveson against Royal's declaratory judgment action. (Case No. 2:05cv1127, Docs. 10-12). Royal responded to the motions to dismiss on January 13, 2006. (Case No. 2:05cv1127, Doc. 14). On June 27, 2006, the Court issued its Memorandum Opinion

and Order, finding "Defendants' arguments to be persuasive and well taken and that the applicable [*Brillhart*] factors balance in favor of dismissal of this action." (Case No. 2:05cv1127, Doc. 29, p. 2).

### E.   The Improperly Removed Case.

On May 31, 2006, in order to preserve their claims against the insurers, the Bank and its officers filed an action in the Circuit Court of Barbour County, Alabama against the Insurers and Leveson, CV-2006-00085. (Case No. 2:06cv578, Doc. 1, Exh. 1). Specifically, the Bank and its officers assert claims for breach of contract, bad faith, breach of duty of good faith and fair dealing, and request declaratory relief under Alabama Code 6-6-220 through 6-6-232. (*Id*.). The suit was brought in the Circuit Court of Barbour County to be consistent with that court's prior jurisdiction, knowledge, and determinations in the State Court Case.[6] The Circuit Court of Barbour County has already ruled on Leveson's underlying claims against the Bank and its officers and has ruled on the garnishment issues. Therefore, the state court is in the best position to consider the Bank's and its officers' claims against the Insurers regarding their failure to provide insurance coverage for the original State Court Case.

On June 27, 2006, the Insurers filed their Notice of Removal, improperly removing the suit to this Court. (Case No. 2:06cv578, Doc. No. 1). The Insurers then filed substantially similar motions to reconsider and/or motions to set aside judgment in their respective suits in this Court on June 29, 2006. (Doc. 30; Case No. 2:05cv1127, Doc. 32). These motions are based on the Notice of Removal and the argument that the Bank and its officers have somehow waived their right to argue abstention by filing their own suit regarding coverage under the insurance

---

[6] Judge L. Bernard Smithart is the sole judge for the Circuit Court of Barbour County. Therefore, the Bank and its officers presented their claims to the exact judge who has previously decided the initial *Leveson* case and the garnishment proceedings by Leveson against the Insurers.

policies. The Bank and its officers will file a Motion to Remand Case No. 2:06cv578 on or before July 26, 2006, establishing that Leveson and his company were not fraudulently joined and should be not realigned.

The Bank, Pitchford, and Gulledge hereby submit their opposition to Progressive's Motion To Set Aside Judgment and Reinstate Cause of Action.

## II. ARGUMENT

Progressive's Motion To Set Aside Judgment and Reinstate Cause of Action does not state what Rule of Civil Procedure it is based upon. (Doc. 30, p. 1). The Bank and its officers presume that the motion is brought pursuant to Federal Rule of Civil Procedure 59. Rule 59 provides no specific grounds for relief, and "the decision to alter or amend judgment is committed to the sound discretion of the district judge." *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). However, this Court recognizes that there are four basic grounds for granting a Rule 59 motion: "(1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law." *Taylor v. First North Am. Nat'l Bank*, 331 F. Supp. 2d 1354, 1355 (M.D. Ala. 2004) (citing 11 FED. PRAC. & PROC. § 2810.1 (2d ed. 1995)). Rule 59 may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). "Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose." *Taylor, supra*.

Here, Progressive presents no arguments of a manifest error of law or fact, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in the controlling law. *See Taylor, supra*. Instead, Plaintiff's entire argument is based on the fact

that the Bank and its officers filed a separate suit **in state court** which was **improperly removed** to this Court (and is due to be remanded to Barbour County).  Plaintiff's sole argument is that the "filing of the State Court Action waives any right the Bank Defendants might have to continue to assert that this action must be dismissed under the abstention doctrine."  (Doc. 30, ¶ 5). Progressive's argument is simply without merit.

Progressive's "waiver" argument is nonsensical, as Defendants' actions and arguments have been consistent at all times.  In the prior proceedings, Defendants argued and the Court agreed that the *Brillhart* factors weigh in favor of this Court's abstention because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Brillhart*, 316 U.S. at 495.  Progressive's filing of a declaratory judgment action **in federal court** constituted "[g]ratuitous interference with the orderly and comprehensive disposition of state court litigation [which] should be avoided."  *Id*.  The underlying basis for Defendants' argument was that coverage issues had already been raised in the State Court case in the form of the garnishment proceedings, which are now on appeal to the Alabama Supreme Court.  The Court correctly determined that, under *Brillhart* and its progeny, the declaratory judgment action should not be decided in federal court when a parallel state court proceeding exists.  (Doc. 28).

The filing of the new **state court complaint** by the Bank and its officers for breach of contract and bad faith is entirely consistent with their Motion to Dismiss Progressive's declaratory judgment action and in no way changes the fact that Progressive's action was properly dismissed under *Brillhart*.  The Bank and its officers argued in their Motion to Dismiss that the risk of inconsistent judicial determinations by this Court and the state court made

abstention proper. (*See* Doc. 7). The Bank and its officers properly filed their complaint against the Insurers in state court, before the same judge who had decided the underlying *Leveson* case and the garnishment proceedings. By doing so, the risk of inconsistent judicial determinations was eliminated. The filing of a suit in state court is in no way a "waiver" of the argument that Progressive's suit should not proceed in federal court. As will be shown in Defendants' forthcoming Motion to Remand, Progressive's removal of that suit was improper and the case should be summarily remanded to Barbour County. Plaintiff had no basis for removing the suit and has done so solely in hopes of bootstrapping its failed bid for a declaratory judgment in this Court to an improperly removed case. This convoluted procedural fencing is improper and due to be denied on all fronts.

### III. CONCLUSION

**WHEREFORE,** for the reasons stated more fully herein, PeoplesSouth Bank, Larry Pitchford, and Jerry Gulledge respectfully request that Plaintiff's Motion To Set Aside Judgment and Reinstate Cause of Action be denied and that the Court's June 27, 2006 Order stand. Plaintiffs request such further relief as the Court may deem appropriate.

**DATED: July 21, 2006.**

| | |
|---|---|
| s/Jason A. Walters | s/Peter A. McInish |
| Gerald P. Gillespy (GILLG3726) | Peter A. McInish |
| Jason A. Walters (WALT8747) | LEE & MCINISH |
| BURR & FORMAN LLP | Post Office Box 1665 |
| 3100 Wachovia Tower | Dothan, Alabama  36302 |
| 420 North Twentieth Street | Telephone:  (334) 792-4156 |
| Birmingham, Alabama 35203 | |
| Telephone: (205) 251-3000 | ATTORNEY FOR DEFENDANT JERRY GULLEDGE |

James D. Farmer
FARMER, FARMER & MALONE, P.A.
112 West Troy Street
Post Office Drawer 668
Dothan, Alabama  36302
Telephone:  (205) 794-8596

ATTORNEYS FOR DEFENDANTS PEOPLESSOUTH BANK AND LARRY PITCHFORD

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing to the following:

| | |
|---|---|
| Hallman B. Eady, Esq. <br> heady@bradleyarant.com | Thomas R. Elliott, Jr., Esq. <br> telliott@lyelaw.com |
| Charles A. Stewart, III, Esq. <br> cstewart@bradleyarant.com | E. Ted Taylor, Esq. <br> taylorlaw9@aol.com |
| Scott B. Smith, Esq. <br> ssmith@bradleyarant.com | Leah O. Taylor, Esq. <br> lotaylor@taylorlawyers.com |

                                              s/Jason A. Walters
                                              OF COUNSEL